SADIE E. MILLER et al., Appellants, v. THOMAS STAGGS et al.

In Banc, December 22, 1915.

1. **GUARDIAN'S SALE: For Less Than Three-Fourths of Appraised Value.** A private sale of real estate for less than three-
266Mo.29

fourths of its appraised value, whether by a guardian or administrator, is void, although approved by the probate court, for the court in such case has no jurisdiction to approve it. [Following Carter v. Culbertson, 100 Mo. 269, and overruling Smith v. Black, 231 Mo. 681.]

2. **QUIETING TITLE AND EJECTMENT: Judgment for Rents.** In a suit, in one count, to quiet title, and in another, in ejectment, where the judgment is that defendants have no title, and it is admitted that the monthly rents and profits are a certain sum since the date of ouster, plaintiff should have judgment on the first count quieting the title, and on the other judgment for possession and for monthly rents and profits.

*Held*, by WOODSON, C. J., dissenting, that the suit being one in equity, with all the incidents attaching thereto, the Legislature cannot control the judgment.

Appeal from Phelps Circuit Court.—*Hon. L. B. Woodside,* Judge.

REVERSED AND REMANDED (*with directions*).

*Holmes & Holmes* and *Watson & Livingston* for appellants.

(1)  The sale of the land in question having been made at a private sale for less than three-fourths of its appraised value, the probate court had no power to approve said sale, and the same was absolutely void. Secs. 432 and 433, R. S. 1909; Carder v. Culbertson, 100 Mo. 269.  (2)  The sale made in this case was not based upon any valid order of the probate court. Even if the original order was valid at the time it was made, it would not constitute a valid order to sell the real estate three years thereafter, unless it had been renewed from time to time, so that it could remain in force and effect.  Sec. 433, R. S. 1909.  (3)  The petition of the guardian asking for the sale of the land in question was insufficient to confer jurisdiction upon the probate court.  Sec. 430, R. S. 1909.

*W. D. Jones* and *Lorts & Breuer* for respondents.

(1)   The sale of the land belonging to these minors having been made upon an order of the probate court, a report of the sale filed with said court, and the sale approved by the probate court, the sale was valid, and passed the title of said minors. The sale of real estate under an order of the probate court is a judicial sale if approved, and if the court had jurisdiction over the subject-matter and the parties, its approval and confirmation cures all prior irregularities, if any. Blickensderffer v. Hanna, 231 Mo. 93.   (2)   The filing of the petition in the probate court asking for an order of sale gave the court jurisdiction over the land, and while the order and judgment approving the sale may have been erroneous, nevertheless the court had jurisdiction to make the order, and not having been appealed from, it became a valid, final judgment, and cannot be questioned in this collateral proceeding.   Smith v. Black, 231 Mo. 692.   (3)   An order approving the sale of real estate by the probate court is a judgment, and the same validity is accorded to the judgment of the probate court as is accorded to judgments of the courts of general jurisdiction, and for that reason the order approving the sale cannot be questioned in this collateral proceeding.   Camden v. Plain, 91 Mo. 117.   (4) Sales of real estate of minors are conducted in the same manner and the same proceedings had with reference thereto, as in cases of real estate of deceased persons for the payment of debts, except there shall be no publication to parties in interest before making the order. Sec. 431, R. S. 1909.   (5)   It is well settled in this State that the final judgment of the probate court in matters within its jurisdiction are as conclusive as are the judgments of courts of general jurisdiction, and the court having rendered a judgment in the nature of an order to sell the real estate belonging to minors, the guardian and curator had a right to sell said real estate

in compliance with said judgment, even if it was not sold at the next term of court after the judgment was rendered. The judgment of the probate court erroneously rendered in allowing claims against the estate and directing the sale of real estate to pay the same, is a final judgment, and cannot be collaterally attacked, but it is subject to impeachment in a direct proceeding for that purpose on two grounds only, namely: Lack of jurisdiction, or fraud in procuring it. Covington v. Chamblin, 156 Mo. 574.

GRAVES, J.—The respondents made a very fair statement of the pleadings thus:

"This was a suit filed by Fred Miller as plaintiff against Thomas Staggs, Wm. T. Furse and I. Dodson, defendants, to try title and in ejectment for Lot 6, Block 3, in Powell's Addition to the Village of Newburg, Missouri. The defendant, Thomas Staggs, filed an answer admitting that he claimed the title to said real estate, and that he was in possession of the same, and denied that the plaintiff had any interest in said property, and averred that he purchased said property from Mrs. J. C. Todd for a valuable consideration, and received a warranty deed to the same, and prayed the court for a decree vesting the title to said property in him. The defendant, Wm. T. Furse, filed an answer in the nature of a general denial to both counts in the petition, and the defendant, I. Dodson, filed an answer denying the allegation in both counts, and admitting that he was in possession of the property as tenant of Thomas Staggs.

"Fred Miller, the plaintiff, and his sister, Alma Miller, were the only heirs at law of John Miller, deceased, who died intestate, seized and possessed of the real estate above described, and Fred Miller, the plaintiff, had before the institution of the suit purchased the interest of his sister, Alma Miller, in the above described real estate.

"The court, after hearing the testimony of both plaintiff and defendant, found the issues for the defendant Thomas Staggs, and decreed the fee simple title to said real estate to be in the said defendant.

"Fred Miller, the appellant, having died since the appeal was taken, Sadie E. Miller, widow of Fred Miller, in behalf of Maude Miller and Fred Miller, Jr., minors and only heirs of Fred Miller, deceased, and as guardian of said minor heirs of the said Fred Miller, by leave of this court, made on the —— day of December, 1914, is prosecuting this appeal as substitute appellant.

"John Miller, deceased, was the common source of title under which plaintiff and defendant claim.

"Defendant Staggs claims title through J. C. Todd, who purchased said property under a guardian's sale from Wesley Woolsey as guardian of Fred Miller and Alma Miller, said guardian's deed being dated November 24th, 1903."

The whole case turns upon the validity of the sale in the probate court and the deed made thereunder. The abstract of record before us shows an order of sale, dated "Aug. 31, 1900." The guardian's report of sale bears date of "Nov. 24, 1903," and it avers that the land was appraised at $175 and sold to J. C. Todd for $120, and that such sale was made in obedience to an order of the court made at the August term, 1900. To this report of sale there would seem to be attached an appraisement, dated September 1, 1903, in which the land was appraised at $125. Sale was approved November 24, 1903, and deed ordered. The guardian's deed introduced in evidence, recites an order of sale at the August term of 1903 of the probate court, and further recites that the land was appraised at $175, and sold to J. C. Todd for $120. In the record, we also find another report of sale purporting to be at the November (1903) term of the probate court

Miller v. Staggs.

which recites that the order of sale was made at the August term, 1900; that the land was appraised at $175 and sold to J. C. Todd for $120. In connection with this plaintiff offered what they call the "original appraisement" which on material parts reads:

> Appraisement of all real estate belonging to the estate of Alma and Fred Miller, minors, late of Phelps county, Missouri, produced before the undersigned, F. L. Kitchell, S. A. Roach and W. D. Rodman, appraisers, duly qualified this first day of September, 1903.
>
> Appraised Value.<br>Dollars.    Cents.
>
> DESCRIPTION OF PROPERTY.
> One house and lot in being lot No........in
> Block No............in Powell's Addition to
> the Town of Newburg, Phelps county, Mo....$  175.00
> Total amount of appraisement..........$  175.00
>
> We, the undersigned appraisers, certify the above to be a full and fair appraisement of the real estate of John Miller, deceased, as produced before us by Wesley Woolsey, Administrator of said estate of John Miller, deceased.
>
> Given under our hands this 1st day of September, A. D. 1903.
>
> F. L. KITCHELL,<br>S. A. ROACH,<br>W. D. RODMAN,<br>Appraisers.

The other appraisement was introduced by defendants, and reads:

> Appraisement of all the real estate belonging to the estate of Fred and Alma Miller, under the age of 16 years, of Phelps county, Missouri, produced before the undersigned, Scot Roach, F. L. Kitchell and W. D. Rodman, appraisers duly qualified this 1st day of September, 1903, by Wesley Woolsey, Guardian of said minors.
>
> DESCRIPTION OF PROPERTY.
> Lot six (6), of block three (3), Powell's Addition to Village of Newburg, Missouri, One Hundred and Twenty-Five ($125) Dollars.
>
> We, the undersigned appraisers certify that the above to be a full and fair appraisement of the real estate of Fred and Alma Miller, minors, as produced before us by Wesley Woolsey, guardian of said minors.
>
> Given under our hands this 1st day of September, A. D. 1903.
>
> SCOT ROACH,<br>F. L. KITCHELL,<br>W. D. RODMAN.

It should be noted that the two documents wind up differently. The one introduced by defendant says that the real-estate appraised was that owned by Fred and Alma Miller, whereas the other says "appraisement of the real-estate of John Miller, deceased, as produced by Wesley Woolsey, Administrator," etc.

The trial court found for the defendant, and of necessity held the deed made by the guardian good, notwithstanding the fact that it showed upon the face thereof that the land was sold at less than three-fourths of its appraised value.

According to the ruling in Smith v. Black, 231 Mo. 681, the fact that the land was sold at less than three-fourths of its appraised value, does not vitiate the sale, if such sale is approved by the court. WOODSON, J., who wrote that case said:

"The second insistence of counsel for appellant presents a more serious proposition, to-wit: That the sale is void for the reason that the administrator sold the land in question at private sale for a sum less than three-fourths of its appraised value, in violation of section 166, Revised Statutes 1879. That section, so far as material, reads: 'No real estate sold for the payment of debts shall be sold at private sale for less than three-fourths of its appraised value.'

"This question has never been directly passed upon by this court, or by either of the courts of appeal, so far as I have been able to ascertain. We must, therefore, approach it more upon principle than from authority."

As indicated above Division One reached the conclusion that the approval of the sale made it good, and that such approval was not subject to attack in a collateral proceeding.

Judge WOODSON evidently overlooked the case of Carder v. Culbertson, 100 Mo. 269. In that case the exact question in the case at bar was up for considera-

tion. In the Smith case it was an administrator's sale, whilst in the Carder case it was a guardian's sale. The two statutes, however, are so near alike that the same rule should apply. In the Carder case, at p. 272, SHERWOOD, J., said:

"By stipulation filed it is agreed that the sole question to be determined is whether the curator's deed is valid. There can be no hesitation on this point; it is a plain matter of statutory provision. Sections 28, 29 and 30, page 469, General Statutes 1865, control this case.

"The last-named section declares: 'No real estate of any minor, sold under the provisions of this chapter, shall be sold for less than three-fourths of its appraised value,' etc. The probate court had no jurisdiction to approve such a sale. Its order of approval was, therefore, *coram non judice,* and the deed showing the facts already recited was void on its face."

The Carder case was an opinion by the full court, whilst the Smith case is one by one division of the court only.

It should be added that in a subsequent case involving the sale of swamp lands Judge WOODSON gave expression to views adverse to the language quoted from Smith v. Black, 231 Mo. 681, supra. We have re-examined the question and all agree that the rule announced by SHERWOOD, J., in Carder v. Culbertson, 100 Mo. 629, is the proper rule, and under the ruling in that case the judgment *nisi* should be reversed. The case of Smith v. Black, 231 Mo. 681, supra, in so far as it announces a rule contrary to the rule in Carder v. Culbertson, upon the validity of the deed involved, is overruled, and the judgment of the circuit court in this case is reversed. All concur.

PER CURIAM: We are asked to modify our judgment of a simple reversal, and this we think should be done under all the facts. The petition contains two

counts, one under section 2535, Revised Statutes 1909, and the other in ejectment. It is admitted that the monthly rents and profits are and have been since date of ouster, July 2, 1911, the sum of $6.50 per month. It is admitted that defendants have no title if the deed discussed in the principal opinion was not good. Under these facts we should reverse the judgment *nisi,* and remand the case with directions to enter judgment for plaintiff on both counts of the petition. On the count to quiet title the plaintiff should have judgment quieting title in them. On the ejectment count they should have judgment for possession, with monthly rents and profits of $6.50 per month from July 2, 1911. The motion to modify our opinion is therefore sustained and the opinion is modified and judgment directed as above. All concur, except *Woodson, C. J.,* who dissents.

WOODSON, C. J. (dissenting).—I dissent from the Per Curiam opinion: first, because when it is said that the case is here tried as an equity case it includes all the incidents thereto, without specially mentioning them; and, second, because this being an equity cause, this court is not bound by any legislation which prescribes the judgment it shall enter. If the Legislature can control the judgment, then the cause is not tried by a court of equity only in name, and the whole proceeding must therefore yield to the statutory judgment to be entered, which would destroy its character as an equitable proceeding.