# MARY GRAY, MINNIE ARTEL, ADÉLE JOYCE, FRANCES TOHER and FRANK F. BROKEL, by His Next Friend, ROSE BROKEL, Appellants, v. MICHAEL CLEMENT, FRANCES CLEMENT and EMMA REIDMEYER.

### Division Two, December 30, 1920.

1. **PARTITION: Between Life Tenants and Remaindermen.** The only estates authorized by the statute (Sec. 2559, R. S. 1909) to be partitioned are estates which are coterminous and not successive. Cotenants of a life estate may have partition of their life estate which would not affect the remaindermen; or remaindermen who are tenants in common may have partition of the remainder, subject to the life estate. But there is no authority for a partition between the life tenant and remaindermen.

2. ——: **Judgment: Jurisdiction: Collateral Attack.** Where the judgment in partition showed that the plaintiffs had a life estate and the defendants a remainder, it showed on its face that the court did not have jurisdiction to render the particular judgment in that particular case, namely, a decree in partition, ordering the interests of both plaintiffs and defendants to be sold and conveyed to the purchaser, and therefore said judgment is subject to collateral attack, being void.

3. ——: ——: **Estoppel: Guardian Ad Litem.** Minor remaindermen in the partition suit brought by the life tenant are not estopped to attack the judgment as void if there is no showing that they received some of the proceeds of the sale. Nor were they capable of consenting to any disposition of the fund by their father who was appointed trustee to preserve it for their use; nor was their guardian *ad litem* authorized to consent for them, for such a guardian has no authority except to defend the partition suit, and none to contract on behalf of minors for the disposition of the proceeds of the sale.

4. ——: ——: ——: **Improvements.** Nor can the defense be sustained that the remaindermen are estopped to assert that the judgment in partition was void because, after they ceased to be minors, they stood by and saw valuable improvements erected upon the property sold under the decree, if at the time the improvements were made they were still minors, and there is no evidence as to who erected the improvements, or what they cost, or that the remaindermen knew anything about them, or that the present claimants had anything to do with building them.

Appeal from St. Louis City Circuit Court.—*Hon. Benjamin J. Klene,* Judge.

REVERSED AND REMANDED.

*T. J. Rowe* and *T. J. Rowe, Jr.,* for appellants.

(1) The circuit court had no jurisdiction to render a judgment in partition in the case of Josephine Brokel and Frank Brokel v. Mary Brokel et al., because the petition showed on its face that Josephine Brokel had an estate for life in said property, and under the statute a life tenant cannot maintain partition against those having the estate in remainder. Sec. 3339, R. S. 1879, now Sec. 2559, R. S. 1909; Stockwell v. Stockwell, 262 Mo. 671. (2) Though a court may possess jurisdiction of the subject-matter and of the parties, it is still limited in its modes of procedure and in the character and extent of its judgments. It must act judicially in all things and cannot then transcend the power conferred by law. Windsor v. McVeigh, 93 U. S. 294; State ex rel. v. Muench, 217 Mo. 137; Reynolds v. Stockton, 140 U. S. 254; Andrew Stephens' Pleadings (2 Ed.), p. 34. (3) The common source of title to real estate described in the petition was Francois Giraldin; the defendants Michael Clement and Frances Clement acquired by mense conveyances an estate in the property during the life of Josephine Brokel and at the death of Josephine Brokel their estate terminated and the plaintiffs and Emma Reidmeyer after the death of Josephine Brokel had an estate in fee simple in said real estate. (4) Upon the allegations of the petition in the case of Josephine Brokel et al. v. Mary Brokel et al., the circuit court should have dismissed the proceedings because the petition showed on its face that no judgment or decree in partition could be rendered in the case. Throckmorton v. Pense, 126 Mo. 58.

*Marion C. Early* for respondents.

(1) A judgment in partition in a suit brought solely by the life tenant as plaintiff against the remaindermen as defendants, though erroneous, is not void; and a purchaser at a sale under such a decree has a title that cannot be attacked collaterally. Cromwell v. Hull, 97 N. Y. 209; Reed v. Reed, 107 N. Y. 545; Harrison v. Higgins, 218 N. Y. 556. (2) When the court has cognizance of the class of cases to which the one adjudged belongs, and of the parties, and when the point decided is within the issues, the point decided, though erroneously, is *res adjudicata,* and cannot be attacked collaterally. Hagerman v. Sutton, 91 Mo. 519; Rivard v. Railroad, 257 Mo. 135; Jaco v. Railroad, 94 Mo. App. 567; Winningham v. Trueblood, 149 Mo. 580; Chrisman v. Divinia, 141 Mo. 122; King v. Theis, 272 Mo. 416; Cochran v. Thomas, 131 Mo. 258; Sparks v. Clay, 185 Mo. 393, as construed in Stockwell v. Stockwell, 262 Mo. 671. (3) If the owner of an interest in property receives as such the proceeds of the sale of that property under a judicial sale, then, even though the judicial proceeding be void, such owner cannot assert his title against the purchaser at such sale. Hector v. Mann, 225 Mo. 228; Pockman v. Meatt, 49 Mo. 345; Proctor v. Nance, 220 Mo. 104; Cape Railroad v. Southern Bridge Co., 215 Mo. 286. (4) What the guardian *ad litem* in a partition suit does in that case on behalf of the minor is as binding on the latter as if it had been done by him after his disabilities were removed. R. S. 1909, sec. 2566, 2567; LeBourgeois v. McNamara, 82 Mo. 189; Payne v. Masek, 114 Mo. 631. (5) When one knowingly, though he does it passively by looking on, suffers another, under an erroneous opinion as to his title, to expend money on that land, he shall not afterwards be permitted to enforce his legal title. Wendell v. Van Renselaer, 1 Johns Ch. 244; Withers v. Railroad, 226 Mo. 373; Guffey v. O'Reily, 88 Mo. 418; Palmer v. Welch, 171 Mo. App. 580.

WHITE, C.—This suit, under Section 2535, Revised Statutes 1909, is to determine title to certain land in the City of Saint Louis. There was judgment for the defendants, and plaintiffs appealed. The common source of title was Francois Giraldin who died in 1878. The plaintiffs claimed under his will. The defendants claimed under a sale made in pursuance of a decree of partition, wherein the devisees of Francois Giraldin were parties.

The will of Giraldin, filed and probated December 26, 1878, in the Probate Court of the City of Saint Louis, devised to Josephine Brokel, his only living child, the wife of Francis Brokel, all the revenue and income out of the land in controversy for her natural life, and directed that after her death the property should be divided equally among her children or their descendants. In 1880 Josephine Brokel and Francis Brokel, her husband, instituted a partition proceeding in the Circuit Court of the City of Saint Louis, against their children Mary Brokel, now the plaintiff Mary Gray; Emma Brokel, now the defendant Emma Reidmeyer; Josephine Brokel, now the plaintiff Minnie Artel; Joseph Brokel, now deceased; and Adele Brokel, now plaintiff Adele Joyce.

Due service was had on defendants; then in regular order followed a decree of partition, order of sale, appointment of special commissioner to make the sale, property sold on June 28, 1880, when Frank Brokel became the purchaser for $400. The special commissioner made report of the sale, which was approved by the court, and a deed executed accordingly on the 13th day of July, 1880, conveying the property to Frank Brokel. All the parties to that proceeding are parties here except Joseph Brokel, deceased. One of the plaintiffs, Frances Toher, was not born at that time, she having been born to Josephine Brokel after the death of Francois Giraldin. Plaintiff Frank F. Brokel, a minor, at the institution of this suit, was the only surviving son of Joseph Brokel, deceased.

The defendants Michael Clement and Frances Clement derived their title by *mesne* conveyance from Frank and Josephine Brokel. If the said partition proceeding was regular and effective to pass any title to Frank Brokel, then Frank Brokel acquired title to all the premises because all the parties mentioned in the will in connection with the tract of land were made parties to that proceeding. At the time of the partition proceeding, however, all the plaintiffs herein then living were minors; Mary Gray, the eldest, being sixteen years of age; Minnie Artel, eight years of age; Adele Joyce, five years of age; Frances Toher, not yet born; and Emma Reidmeyer, defendant here, was thirteen years of age.

Josephine Brokel died in September, 1917, leaving as her only children the plaintiffs, and defendant Emma Reidmeyer.

The petition in that partition proceeding, which was introduced in evidence here, sets out the provisions of the will above mentioned and the relationship of the parties, Josephine Brokel being the mother of the minor defendants, then alleges:

"That the parties hereto have title to said land, as follows:

"Said Josephine Brokel (one of the plaintiffs) is entitled to a life estate in said land; said Frank Brokel to his right by curtesy in said land.

"That the said defendants' respective interests in said lands are as follows: The said Mary, Emma, Josephine, Joseph and Adele Brokel are each entitled under said will to a one-fifth interest in fee in said land subject to the life estate of the plaintiff, Josephine Brokel, and the right by the curtesy of said Frank Brokel, and also subject to the rights of any and all children of said Josephine Brokel (plaintiff) that may be yet unborn."

The judgment of the Circuit Court of the City of Saint Louis in that case, rendered May 26, 1880, after reciting the appearances of the parties and giving a description of the land, continues:

"And the court doth further ascertain and determine the respective rights and interests of said parties in said real estate to be as follows, to-wit:

"That the plaintiff, Josephine Brokel, is entitled to a life estate in said real estate, and that the defendants are each entitled to an undivided one-fifth interest in fee in said land, subject to the life estate of their mother, the said plaintiff Josephine Brokel, and also subject to the rights of any and all children of said plaintiff, Josephine Brokel, that may be yet unborn.

"It is therefore ordered, adjudged and decreed by the court that partition of said real estate be made among the owners thereof according to their respective rights and interests as hereinbefore ascertained and determined."

The court then found that from the nature and amount of the property it could not be divided in kind without great prejudice to the owners, ordered that the property be sold, and appointed Jephtha H. Simpson, special commissioner "to sell said property and compute the present value of the life estate to the said plaintiff, Josephine Brokel, in the proceeds of said sale, and to make report thereon to this court according to law." The report was duly made and a deed conveying the property to Frank Brokel was duly executed by Simpson, as stated. The deed recited the judgment and the proceedings of the court as stated.

The record of the court further showed that one H. M. Wilcox was appointed guardian *ad litem* for the defendant minors in said proceeding, and filed answer for them.

On July 9, 1880, after the report of the sale by the commissioner was approved, H. M. Wilcox, as guardian *ad litem* for the minors, and Simpson, the special commissioner, signed and presented to the court a petition setting forth that the special commissioner, after paying all the costs, attorneys' fees, and the amount due Josephine Brokel for her life estate, had in his hands $91.20, which sum was to be equally divided among all the de-

fendants, and any and all children which thereafter might be born to the said Josephine Brokel; and owing to the uncertainty as to the number of children that might yet be born to Josephine Brokel, the said sum of $91.20 could not at the time be divided; that the said commissioner desired to be relieved of the money and discharged; and the petitioners prayed the court to appoint Frank Brokel, the father of the minors, as trustee to hold said funds for the minors "which are now or hereafter may be born." This petition was sustained; the commissioner was ordered to pay $183.60 to Josephine Brokel, the estimated value of her life estate; Frank Brokel was appointed trustee to take charge of the $91.20, and his bond fixed at $350.

I. The plaintiff claims that the partition proceeding was void because, under Section 2559 the court had no power to make partition of land between the life tenant and the remaindermen. That section is as follows:

**Partition.**

"Sec. 2559. *Partition, suit for, by whom brought, how determined.* In all cases where lands, tenements or hereditaments are held in joint tenancy, tenancy in common, or coparcenary, including estates in fee, for life, or for years, tenancy by the curtesy and in dower, it shall be lawful for any one or more of the parties interested therein, whether adults or minors, to file a petition in the circuit court of the proper county, asking for the admeasurement and setting off of any dower interest therein, if any, and for the partition of the remainder, if the same can be done without great prejudice to the parties in interest; and if not, then for a sale of the premises, and a division of the proceeds thereof among all of the parties, according to their respective rights and interests."

Early cases construing that statute have been followed by very recent cases in which it is held that the authority of a court to order a partition without the consent of all the parties is limited by the terms of the stat-

ute. The only estates authorized by Section 2559, Revised Statutes 1909, to be partitioned are estates which are coterminous and not successive; co-tenants of a life estate may have partition of their life estate which would not affect the remainder; or, remaindermen, tenants in common, may have a partition of the remainder subject to the life estate. But there is no authority for a partition between the life tenant and a remainderman. [Stockwell v. Stockwell, 262 Mo. 671, l. c. 679, 680, 681, 682; Carson v. Hecke, 282 Mo. 580, 222 S. W. 850, l. c. 853.] The opinions in these cases review many cases in this State and reach the conclusion as stated. It is said in the Hecke case, l. c. 853:

"But in this jurisdiction and most others a tenant for life, whether by curtesy or otherwise, absent statutory authority, cannot compel partition against remaindermen and reversioners, nor they against him, and between such estates the remedy is unavailable except by consent of the respective owners. This is because no common interest exists between them of any character, either in coparcenary, tenancy in common or joint tenancy."

II. The respondent, however, claims that a decree of partition contrary to that provision of the statute is at most an irregularity, and does not render the decree of that character void so as to make it vulnerable to a collateral attack, because the court had jurisdiction of the parties and the subject-matter.

*Jurisdiction.*

A passage often quoted as defining in general what is necessary to confer jurisdiction is found in Stark v. Kirchgraber, 186 Mo. 633, l. c. 645 and 646, as follows:

"Jurisdiction may be defined to be the right to adjudicate concerning *the subject-matter in a given case;* to constitute this there are three essentials: First, the court must have cognizance of the class of cases to which the issue to be adjudged belongs; second, the proper

parties must be present; and third, the point decided
must be in substance and effect within the issue."

The explanation of jurisdiction appears in the case
of Rivard v. Railroad, opinion by BOND, J., 257 Mo.
135, l. c. 168, more accurately defining the third essen-
tial:

"It follows that the judgment of a court of general
jurisdiction with the parties before it *and the power to
grant or refuse relief in the case presented,* although
contrary to law as expressed in the decisions of the Su-
preme Court and the terms of the statute, is at most
only an erroneous exercise of jurisdiction and as such
is impregnable to assault in a collateral proceeding."
(Italics ours.)

That case is cited by the respondent in support of
its position. There is no doubt in this case that the
court had authority to order partition of real estate, and
no doubt that the parties were before it. The only ques-
tion arising is whether the third essential was present.
"Did the court have the power to grant or refuse the
relief in the case presented," as it is put in the Rivard
case?

The question in the Kirchgraber case involved the
validity of the sale ordered by the probate court of lands
to pay debts. The statute did not authorize an order to
sell real estate to pay debts except upon the application
of executor, or administrator, or curator, or other person
interested in the estate; the application for the order
was made by some person who was none of those men-
tioned. While this did not appear upon the face of the
judgment, it did appear upon the entire record of the
proceeding; the order and sale under it were held void,
and were subject to collateral attack. It was held also
in that case that the judgment of a probate court on
matters within its jurisdiction was entitled to the same
presumption as a judgment of a court of general juris-
diction; but such judgment might be overthrown by other
portions of the record besides the judgment itself, "of
equal dignity and importing the same verity which would

demonstrate that the recitals of the judgment were un-
true."

The Kirchgraber case has been cited with approval
several times. In the case of Smith v. Black, 231 Mo.
681, this court distinguishing the Kirchgraber case used
these words, l. c. 693:

"*First. Where the Constitution or statute abso-
lutely prohibits a court from doing a particular thing
then the order or judgment of the court made in viola-
tion thereof is absolutely void for want of jurisdiction*
and may be assailed in a collateral proceeding."

In that case the administrator, contrary to the stat-
ute, had sold the property for less than three-fourths
of its value, and the court held the judgment was good
against collateral attack, but approved of the ruling in
the Kirchgraber case. In the Kirchgraber case the
court did not acquire jurisdiction to order the sale be-
cause no person interested in the estate petitioned for
the sale, and the record on its face showed that fact. In
the Black case the court had authority to order the sale,
and the subsequent irregularity did not render the order
open to collateral attack.

In the present case the court had jurisdiction of the
general class of cases and of the persons, but it had no
authority, in the language of the Rivard case, "to grant
the relief in the case presented." The statute did not
authorize partition of the estates set out in the petition
and recited in the judgment.

Where the record of a judgment shows on its face
that the court did not have authority to grant the partic-
ular relief which it did grant, the judgment is void and
subject to collateral attack. There must be jurisdiction
of the matter acted upon; the court must have the power
"to render the particular judgment in the particular
case" before it can be said to have jurisdiction.
[Charles v. White, 214 Mo. l. c. 208; Kansas City v.
Mullins, 209 S. W. 558; Norton v. Reed, 253 Mo. 236,
l. c. 252.] The petition in the partition suit under con-
sideration, and the judgment itself, recites that Jose-

phine Brokel has a life estate in the premises, and the defendants have the remainder. It does not matter whether the remainder were vested or contingent. The judgment shows on its face that the relief granted was such as the court could not render in that class of cases. Therefore, it is void and subject to collateral attack.

III. The respondent claims, however, that the defendants in that case who are the plaintiffs here, are estopped to claim the judgment is void because they had received benefits of the sale under it. That is alleged in the answer. The only proof in relation to the matter was the petition presented by the guardian *ad litem* requesting that a commissioner be appointed to take charge of the $91.20, which would be distributed among the heirs. Authorities are cited to the effect that where one receives the proceeds of a sale under a void judgment, he is thereby estopped to claim it is void. There is no evidence whatever that any of the defendant minors received any benefit whatever from any of the proceeds of the partition sale. The trial court found that there was no evidence showing any disposition of the fund of $91.20. Frank Brokel, father of the minors, was appointed trustee to handle that money, but there is no evidence that he ever received it unless he retained it out of the purchase money which he was to pay to the commissioner. The minors could not consent to a disposition of the money, so as to bind them in any way whatever. It is argued by the respondent here that the guardian *ad litem* under the statute had the same authority as a general guardian; the minors, therefore, were bound by the action of the guardian *ad litem* in causing the appointment of a trustee. There is no foundation for that position. Under Section 2567, Revised Statutes 1909, the court may appoint a guardian *ad litem* in a partition proceeding who shall have the same powers as a general guardian "for all the purposes of this article;" that is, the article in relation to partition. This court has held in the case of Scott v. Royston,

<span style="float:left">Estoppel.</span>

223 Mo. 568, that "a guardian *ad litem* in a partition proceeding has exactly the same authority as a guardian *ad litem* in any other proceeding," l. c. 613. A guardian *ad litem* has no authority except to defend the suit. [McClure v. Farthing, 51 Mo. 109.] He may make in some instances a stipulation relating to the conduct of the suit, but he has no authority whatever to make a contract on behalf of the minor whom he represents in relation to the disposition of the *corpus* of the estate. [Scott v. Royston, 223 Mo. l. c. 609.]

The minors were not bound by the action of the guardian *ad litem* in the proceeding to have a trustee appointed to take charge of any fund belonging to them, and are not estopped by such action. Consideration of a situation very similar to that appears in the case of Scott v. Royston, 223 Mo. l. c. 616, where the opinion holds the receipt of money by a trustee from which the minors get no benefit did not estop them to attack collaterally the judgment under which the money was paid.

It is further claimed that the plaintiffs here were estopped to assert the judgment and sale in partition were void because they stood by and saw the property improved. Some of the evidence indicates that the property is vacant. The only evidence offered as to any improvements made upon the land was the testimony of Michael Clement, defendant. He said he was familiar with the premises in 1880, 1882 and 1883, and that some buildings were put up on the land in 1882 or 1883, he could not remember the time; he stated they were good substantial buildings. He said he didn't know whether Joseph Brokel was there at the time the buildings were erected or not. He said not a word to show who erected the buildings or what they cost; that the plaintiffs here knew anything about them, or that defendants, or those under whom they claim, had anything to do with building them. From aught that appears they might have been built by strangers or by the plaintiffs in this case. The claim of estoppel is not sustained by the evidence.

Pac. Lime & Gypsum Co. v. Mo. Bridge & Iron Co.

The judgment is reversed and the cause remanded. *Railey* and *Mozley, CC.,* concur.

PER CURIAM:—The foreging opinion by WHITE, C., is adopted as the opinion of the court. All of the judges concur.