**H. E. (Pat) HEALY, Administrator of the Estate of Lloyd C. Stewart, and Loretta Stewart, Plaintiffs,**

**v.**

**The ATCHISON, TOPEKA & SANTA FE RAILROAD COMPANY, a Corporation, Defendant.**

**No. 45101.**

Supreme Court of Missouri.

Division No. 1.

Feb. 13, 1956.

Motion for Rehearing or to Transfer to Court en Banc Denied March 12, 1956.

William R. Kirby, St. Louis, for appellants.

John H. Lathrop, Sam D. Parker, Kansas City, Coburn & Croft, Thomas L. Croft, Frank E. Booker, St. Louis, for respondent.

HYDE, Judge.

Action for $15,000 damages for wrongful death of Lloyd C. Stewart (not an employee of defendant) in Wichita, Kansas, alleged to have been struck at a public crossing by one of defendant's engines. Defendant's motion to dismiss was sustained and this action was dismissed with prejudice. Plaintiffs have appealed from the judgment of dismissal.

The question for decision is one of res judicata, namely: whether a second suit is barred by the dismissal of a prior identical suit, "upon the grounds of the exercise of jurisdiction by this Court would constitute an undue hardship on Interstate Commerce", when no appeal was taken from that judgment of dismissal.

The motion to dismiss this second action sets out the filing of the former action, the contents of the petition and the judgment of dismissal. It also alleged that no further action was taken by the parties in that case and that the parties are bound by

the final judgment dismissing said prior suit and are estopped by said prior final judgment. The motion to dismiss the first action stated as the grounds, upon which it was sustained, "that the exercise of jurisdiction by this Court over this cause and this defendant would violate Article I, Section 8 of the Constitution of the United States and more specifically would constitute an undue burden on interstate commerce." It also alleged facts concerning the residence of the parties, the place of the accident and the names and residence of necessary witnesses, some of whom were employees of defendant.

▮ Obviously the judgment of dismissal in the first case was not a judgment on the merits of plaintiffs' cause of action; and, therefore, plaintiffs claim the right to commence a new action within one year under authority of Section 516.230. (Statutory references are to RSMo and V.A.M.S.) The trouble with plaintiffs' contention is that as the grounds for dismissal the Court decided plaintiffs had no right to maintain the action in the Circuit Court of the City of St. Louis and they did not appeal. In this situation, the rule is thus stated: "Where a valid and final personal judgment not on the merits is rendered in favor of the defendant, the plaintiff is not thereby precluded from thereafter maintaining an action on the original cause of action and the judgment is conclusive only as to what is actually decided." Sec. 49, A.L.I. Restatement of Judgments; see also Sec. 53, especially Comment c. In explanation of this rule, it is stated: "A judgment for the defendant may be based upon the ground that the plaintiff is not entitled to maintain an action in the State in which the judgment is rendered and not on a ground which would be applicable to an action in other States. In such a case the judgment is on the merits to the extent that it will bar the plaintiff from maintaining a further action in that State, but it is not on the merits so far as actions in other States are concerned. * * * Although, where the judgment for the defendant is not on the merits, the plaintiff is not precluded from maintaining a new action on the same cause

of action, he is precluded from relitigating the very question which was litigated in the prior action." Restatement of Judgments, pp. 194–195. Likewise, it is stated in 30 Am. Jur. 945, Sec. 208: "An adjudication on grounds purely technical, where the merits cannot come into question, is limited to the point actually decided, and does not preclude the maintenance of a subsequent action brought in a way to avoid the objection which proved fatal in the first action. As to the technical point decided, however, the judgment is conclusive, even though it is not conclusive as to the merits of the entire controversy." See also 50 C.J.S., Judgments, § 638, p. 72; Redmond v. Republic Steel Corp., 238 Mo.App. 647, 186 S.W.2d 51. Thus, as to the question actually decided, in the judgment of dismissal, the judgment is conclusive against plaintiffs even though it was not conclusive on the merits of the cause of action or their right to maintain the action elsewhere.

Plaintiffs, however, say this judgment is void and, therefore, is subject to collateral attack, citing Gray v. Clement, 286 Mo. 100, 227 S.W. 111, 113. See also Smith v. Black, 231 Mo. 681, 132 S.W. 1129; Miller v. Staggs, 266 Mo. 449, 181 S.W. 116, 187 S.W. 1159; Noyes v. Stewart, 361 Mo. 475, 235 S.W.2d 333. Gray v. Clement, supra, (as do the cases following it) holds "Where the record of a judgment shows on its face that the court did not have authority to grant the particular relief which it did grant, the judgment is void and subject to collateral attack. There must be jurisdiction of the matter acted upon; the court must have the power 'to render the particular judgment in the particular case' before it can be said to have jurisdiction." See also Restatement of Judgments, Sec. 7.

▮ In Gray v. Clement, supra, a life tenant sought partition between himself and remaindermen, which the Court had no power to do. It was pointed out that the petition stated and the judgment itself recited plaintiff had the life estate and defendants had the remainder so that the judgment showed on its face "that the re-

lief granted was such as the court could not render in that class of cases." The same thing was true in Noyes v. Stewart, supra. For requisites of a valid judgment see Restatement of Judgments, Sec. 4. That is not true in this case because the judgment shows its basis to be that "the exercise of jurisdiction by this court would constitute an undue hardship on interstate commerce." This was a question of constitutional law that the court had jurisdiction to decide. See Hayman v. Southern Pacific Co., Mo.Sup., 278 S.W.2d 749 and cases cited. It may have decided it incorrectly as plaintiff contends. See Hoffman v. Missouri, 274 U.S. 21, 47 S.Ct. 485, 71 L.Ed. 905; Denver & R. G. W. R. Co. v. Terte, 284 U.S. 284, 52 S.Ct. 152, 76 L.Ed. 295; State ex rel. Southern Ry. Co. v. Mayfield, 362 Mo. 101, 240 S.W.2d 106 cited by plaintiff. However, plaintiff did not appeal from that judgment.

Furthermore, the Mayfield case shows that the matter of whether and to what extent a state will entertain in its courts transitory actions arising in other jurisdictions is a matter of state policy. Certainly our circuit courts have jurisdiction to construe such state policy and if they construe it incorrectly that is a matter to be corrected on appeal. In the comment under Sec. 4, the Restatement of Judgments has classified judgments as follows: "(1) those which are valid and will not be vacated or reversed in further proceedings in the action and are not subject to attack in independent proceedings in equity; (2) those which are valid but may be vacated or reversed in further proceedings in the action in the trial court or in an appellate court; (3) those which are valid and may not be vacated or reversed in further proceedings in the action but are subject to attack in independent proceedings in equity; (4) those which are void and are subject to collateral attack." Our conclusion is that the judgment sought to be collaterally attacked herein falls within type (2) if plaintiffs' contentions concerning it are correct. As to this type of judgment the rule is, Restatement of Judgments, Comment (a) under Sec. 4: "A judgment is

not void merely because it is erroneous and subject to be set aside by the court which rendered it or to be reversed by a higher court in appellate proceedings." We hold that the issue specifically decided by the Court in the first case, and upon which it based its judgment of dismissal, is res judicata.

The judgment is affirmed.

All concur.