Kevin Dale SEXTON, Appellant,

v.

**JENKINS & ASSOCIATES, INC., Defendant,**

**Steve Sloniker, et al., Respondents.**

No. SC 85803.

Supreme Court of Missouri, En Banc.

Dec. 7, 2004.

Rehearing and Modification Denied Jan. 25, 2005.

---

**14.** *Christeson,* 131 S.W.3d at 799; *Winfield v. State,* 93 S.W.3d 732, 740 (Mo. banc 2002).

**15.** *Winfield,* 93 S.W.3d 732 at 741.

Christopher P. Sweeny, John E. Turner, Kansas City, Andrew J. Gelbach, Warrensburg, for appellant.

John R. Loss, John M. Brigg, Kansas City, for respondents.

MICHAEL A. WOLFF, Judge.

## Introduction

After Dale Sexton's first lawsuit for on-the-job injuries failed for lack of subject matter jurisdiction, may he try again in a second suit?

Sexton's first lawsuit for injuries against his employer was dismissed on the grounds that Sexton's claim is for workers' compensation that is within the exclusive jurisdiction of the Labor and Industrial Relations Commission. The court of appeals affirmed the dismissal. In this second lawsuit, Sexton pleaded new allegations intended to invoke the circuit court's jurisdiction.

Although the dismissal of the first lawsuit was "without prejudice," the first action adjudicated the issue of the circuit court's subject matter jurisdiction. Sexton's second civil action for damages is precluded by the first action. The dismissal "without prejudice" does allow Sexton to seek relief in a workers' compensation proceeding.

The judgment is affirmed.

## Procedural Background

Kevin Sexton was injured while working for a construction subcontractor. Sexton sued the contractor and three employees of the contractor in Henry County Circuit Court, alleging that their negligence in building and installing a handrail and guardrail around an open elevator shaft caused his injuries. The court dismissed Sexton's action "without prejudice" for lack of subject matter jurisdiction, finding that Sexton's petition failed to state the "something extra" necessary to bring his claim within the subject matter jurisdiction of the circuit courts. Sexton appealed. As previously noted, the Court of Appeals, Western District, affirmed the trial court's judgment. *Sexton v. Jenkins & Associates, Inc.*, 41 S.W.3d 1 (Mo.App.2000) (*Sexton I* ).

Sexton sued the same defendants in Jackson County Circuit Court in a slightly amended petition.[1] The defendants moved for summary judgment arguing that the judgment in *Sexton I* barred Sexton's action based on the doctrine of issue preclusion. The Jackson County court overruled the motion. The defendants then moved for dismissal for lack of subject matter jurisdiction alleging that Sexton's petition still failed to allege "something extra" beyond the duty to provide a safe working place so as to avoid the civil action immunity afforded by the workers' compensation act to defendants. The court sustained the motion to dismiss.

Sexton appeals to this Court, asserting that the workers' compensation act does not provide immunity for fellow employees, that he pleaded facts constituting the "something extra" required to remove the case from the exclusive jurisdiction of the

---

1. The "new allegations" in the Jackson County petition are:

1. Defendants knew or should have known that Sexton and others would be working around the shaft, handrail and guardrail and represented that it was safe.

2. Defendants were on the job when Sexton arrived at the job site and at or near the time of the fall.

3. Defendant Sloniker represented to appellant on the date of the accident that the guardrail was safe to use when they knew or should have known that it was not safe; and directed appellant to use the guardrail and Sexton relied on these statements.

4. Defendant Sloniker directed and supervised the work of constructing the handrail and guardrail.

5. Defendants breached their duty to Sexton by doing "something extra".

Labor and Industrial Relations Commission, and that section 287.120 [2] is unconstitutional. Because Sexton's current appeal challenges the validity of a state statute, this Court has exclusive jurisdiction of the appeal. Mo. Const., art. V, sec. 3.

## Collateral Estoppel—Issue Preclusion

 The court-made doctrine of collateral estoppel—known by its modern term, issue preclusion—precludes relitigation of an issue previously decided and incorporated into an earlier judgment. The doctrine requires that the issue was fully and fairly litigated, that the issue was essential to the earlier judgment, and that the earlier judgment be final and binding on the party against whom it is asserted. *King General Contractors, Inc. v. Reorganized Church of Jesus Christ of Latter Day Saints*, 821 S.W.2d 495, 500 (Mo. banc 1991).[3] That is precisely the situation in this case—the issue of subject matter jurisdiction was fully and fairly litigated in *Sexton I.*

*Sexton I* was dismissed without prejudice. The essential question, however is: without prejudice as to what?

 Dismissal without prejudice usually is not an adjudication on the merits of the claim and does not affect the plaintiff's right to refile the action. Rule 67.01; *Mahoney v. Doerhoff Surgical Services*, 807 S.W.2d 503, 506 (Mo. banc 1991). In certain circumstances, however, a dismissal without prejudice may be considered a judgment on the merits of issues, such as jurisdiction, that are actually litigated and decided. *Healy v. Atchison, Topeka & Santa Fe Railroad*, 287 S.W.2d 813, 815 (Mo.1956).

 *Sexton I* held that the Labor and Industrial Relations Commission had exclusive subject matter jurisdiction. Section 287.120.2. Subject matter jurisdiction is a tribunal's statutory authority to hear a particular kind of claim.

 The dismissal of *Sexton I* on grounds that the circuit court lacked subject matter jurisdiction was appealable. Generally, a dismissal without prejudice is not a final appealable judgment. However, "[w]hen the effect of the order is to dismiss the plaintiff's action and not the pleading merely, then the judgment entered is final and appealable." *Mahoney*, 807 S.W.2d at 506. Sexton appealed the dismissal of *Sexton I.* The issue of subject matter jurisdiction was fully litigated, and the judgment bars asserting the same kind of jurisdiction over this claim in any other circuit court. *Healy*, 287 S.W.2d at 815.

When the Henry County court dismissed Sexton's first action for lack of jurisdiction, Sexton chose to appeal the decision rather than to move to amend the

---

2. All statutory references are to RSMo 2000 unless otherwise indicated.

3. Closely related is the doctrine of *"res judicata,"* which means "a thing adjudicated." The common-law doctrine of *res judicata* precludes relitigation of a claim formerly made. In modern terms the doctrine is known as claim preclusion. *Chesterfield Village, Inc. v. City of Chesterfield*, 64 S.W.3d 315, 318 (Mo. banc 2002). The doctrine precludes not only those issues on which the court in the former case was required to pronounce judgment, "but to every point properly belonging to the subject matter of litigation and which the parties, exercising reasonable diligence, might have brought forward at the time." *Id.* The question in this case could also be analyzed as claim preclusion in that the former adjudication bars another claim in the circuit court. But it is more accurate to characterize the question as one of issue preclusion, precluding Sexton only on the issue of subject matter jurisdiction, since he is free to litigate his injury claim in the proper forum, the Labor and Industrial Relations Commission. Sometimes the term *"res judicata"* is used as the label for claim preclusion or issue preclusion.

petition. Sexton's Jackson County petition, the second lawsuit, does not allege a new claim. He cannot circumvent the dismissal in the first case by altering his pleadings with the benefit of the appellate opinion. The Jackson County Circuit Court found that the new allegations did not change anything and that it was the same claim for relief that the *Sexton I* court found to be outside the subject matter jurisdiction of the circuit courts. This Court does not reach the issue—decided against Sexton by the Jackson County court—of whether Sexton's second lawsuit pleaded "something extra" that supposedly would suffice to state a claim for damages. Nor do we reach Sexton's challenge to the constitutionality of section 287.120. The doctrine of issue preclusion applied here makes it unnecessary to reach these issues.

■ In the federal system, the principles of *res judicata* and collateral estoppel—issue preclusion—apply to questions of jurisdiction as well as to other issues. *Underwriters National Assurance Co. v. North Carolina Life & Accident & Health Insurance Guaranty Association,* 455 U.S. 691, 706, 102 S.Ct. 1357, 71 L.Ed.2d 558 (1982). "Public policy dictates that there be an end of litigation; that those who have contested an issue shall be bound by the result of the contest; and that matters once tried shall be considered forever settled as between the parties." *Baldwin v. Iowa State Traveling Men's Association,* 283 U.S. 522, 525, 51 S.Ct. 517, 75 L.Ed. 1244 (1931). After *Baldwin,* the United States Supreme Court held that when the question of subject matter jurisdiction has been fully litigated in the original forum, the issue cannot be retried in a subsequent action between the parties. *Durfee v.*

*Duke,* 375 U.S. 106, 111, 84 S.Ct. 242, 11 L.Ed.2d 186 (1963).

■ Dismissal of Sexton's claim for want of subject matter jurisdiction was "without prejudice"—but only as to Sexton's right to proceed in the proper forum. *Hayman v. Southern Pacific Co.,* 278 S.W.2d 749 (Mo.1955). Sexton is not barred from pursuing his claim in the proper forum—the Labor and Industrial Commission.[4]

## Conclusion

The judgment is affirmed.

WHITE, C.J., STITH, PRICE, and LIMBAUGH, JJ., and JOYCE, Sp.J., concur.

TEITELMAN, J., concurs in separate opinion filed.

RUSSELL, J., not participating.

RICHARD B. TEITELMAN, Judge, concurring.

I concur with the principal opinion that issue preclusion applies to bar Sexton's second petition in the circuit court. I write separately to emphasize that Sexton's allegations against his co-employees in the second petition would otherwise properly invoke the subject matter jurisdiction of the circuit court.

The workers compensation law provides employers with immunity from common law liability for breaches of the duty to maintain a safe workplace. *State ex rel. Hartman v. Kintz,* 832 S.W.2d 9, 10 (Mo. App.1992). This immunity extends to any employee charged with carrying out the employer's duties. *State ex rel. Badami v. Gaertner,* 630 S.W.2d 175, 180 (Mo.App.

---

4. At oral argument Sexton's counsel indicated that a workers' compensation claim for these injuries is pending against Sexton's employer.

1982). Thus, a co-employee's failure to perform a duty delegated to him by his employer does not give rise to a cause of action by a fellow employee who is injured because of the failure. *Id.* at 179. However, an injured employee may sue a co-employee in the circuit court if he or she alleges that the fellow worker did "something extra" beyond the breach of the duty to maintain a safe workplace. *Badami,* 630 S.W.2d at 180. The "something extra" includes any affirmative negligent acts by a co-employee that are outside the scope of an employer's responsibility to provide a safe workplace. *State ex rel. Taylor v. Wallace,* 73 S.W.3d 620, 621 (Mo. banc 2002).

The issue of what constitutes an "affirmative negligent act" or "something extra" is not susceptible to precise definition. *Wallace,* 73 S.W.3d at 622. Instead, the rule has been developed over the years on a case-by-case basis. *Id.* One general situation that satisfies the "something extra" test is where an employee alleges that he or she was directed to engage in dangerous conditions that a reasonable person would recognize as hazardous beyond the usual requirements of employment. *Lyon v. McLaughlin,* 960 S.W.2d 522, 525 (Mo. App.1998). Sexton's allegations present such a situation and, therefore, satisfy the "something extra" test.

Sexton alleged that he was working on a construction project and was employed by a subcontractor of Jenkins & Associates, the main contractor on the project. Three Jenkins employees, Sloniker, Hurlburt and Lacy, removed a cover that was protecting an open elevator shaft. They then built and installed a guardrail around the elevator shaft. Sexton alleged that the Jenkins employees constructed the guardrail in violation of numerous OSHA standards. The guardrail was made with $1'' \times 4''$ boards instead of the required $2'' \times 4''$ boards. The wood was decayed. The small, decayed boards were nailed together the wrong way with nails that were too small to support a worker. Sexton alleged that shortly after the guardrail was completed, Sloniker, a supervisor, directed Sexton to commence work near the elevator shaft. Sloniker instructed Sexton to use the guardrail to lower himself into the elevator shaft and assured him that the rail was safe. Sexton followed Sloniker's instructions. The guardrail failed. Sexton fell down the open elevator shaft and was seriously and permanently injured.

Sexton alleged that Sloniker directed him to work in dangerous conditions that a reasonable person would recognize as hazardous beyond the usual requirements of employment and that he was seriously injured as a result. Accordingly, Sexton's second petition adequately alleged the "something extra" required to invoke circuit court jurisdiction.