David P. LEONARD, Appellant,

v.

Steven FRISBIE, et al., Respondent.

No. WD 70421.

Missouri Court of Appeals,
Western District.

March 30, 2010.

David P. Leonard, Appellant, pro-se.

Theodore A. Bruce, for Respondent.

Before Division Two: JOSEPH M. ELLIS, Presiding Judge, VICTOR C. HOWARD, Judge and JAMES E. WELSH, Judge.

PER CURIAM:

David Leonard appeals from the circuit court's judgment dismissing his petition for "Writ of Mandamus, Judicial Enforcement Under 610.027, MSL [Missouri Sunshine Law], FOIA [Freedom of Information Act] and Brady." After a hearing, the circuit court dismissed Leonard's petition and held that Leonard had previously litigated the same issues and was unsuccessful. We dismiss Leonard's appeal.

Leonard was convicted of two counts of selling a controlled substance by the St. Charles County Circuit Court and received a sentence of fifteen years' imprisonment. *State v. Leonard,* 157 S.W.3d 331 (Mo.App. E.D.2005). On August 1, 2008, Leonard filed the current petition. In his petition, Leonard claimed that the Respondents, the Missouri Highway Patrol (MHP) and Attorney General's office, continuously refused to comply with his requests for documents and audio recordings in their possession that Leonard claimed would exonerate him. The Respondents filed a motion to dismiss, contending that the petition should be dismissed because Leonard previously litigated the same claims. The circuit court held a hearing on November 7, 2008, and dismissed Leonard's petition, finding that Leonard had a full and fair opportunity to previously litigate his claim.

On appeal, Leonard's argument is extremely convoluted but appears to be that the circuit court relied on false and misleading information when it dismissed Leonard's petition and that the circuit court violated his constitutional rights by not requiring the respondents to produce the requested documents. However, we are unable to conduct meaningful appellate review because of the inadequacies and insufficiencies of Leonard's appellate brief and the lack of a sufficient record on appeal.

Leonard has failed to furnish us with a transcript of the proceedings from which he appeals, although claiming a hearing was conducted. "On appeal, a trial court judgment is presumed valid, and the burden is on appellant to show the incorrectness of the judgment. It is essential that this court have *all* the evidence

necessary to decide the questions presented." *In re Estate of Abbott*, 944 S.W.2d 279, 284 (Mo.App. S.D.1997) (internal quotation and citations omitted). Without the transcript, we have no way of knowing what evidence, if any, was presented. Accordingly, we are unable and unwilling to convict the trial court of error without knowing what was presented to it. *Kennco Contractors, Inc. v. Duncan*, 53 S.W.3d 557, 559 (Mo.App. S.D.2001).

■ Leonard's brief also fails to comply with Rule 84.04 in virtually every respect and renders his claims largely incomprehensible. Rule 84.04 sets forth various requirements for appellate briefs and compliance with these requirements is "mandatory in order to ensure that appellate courts do not become advocates by speculating on facts and on arguments that have not been made." *Brown v. Ameristar Casino Kansas City, Inc.*, 211 S.W.3d 145, 147 (Mo.App. W.D.2007) (internal quotation omitted). "Violations of Rule 84.04 are grounds for a court to dismiss an appeal." *Shochet v. Allen*, 987 S.W.2d 516, 518 (Mo.App. E.D.1999). In this case, Leonard's violations of Rule 84.04 conjoined with his failure to provide us with a sufficient record on appeal go beyond impeding our ability to dispose of the appeal on the merits. They actually prevent us from reaching the merits.

First, Leonard's jurisdictional statement is merely an assertion that jurisdiction lies with this court. Such bare recitals "are insufficient as jurisdictional statements." *Rule 84.04(b)*. "The jurisdictional statement shall set forth sufficient factual data to demonstrate the applicability of the particular provision or provisions of Article V, section 3, of the Constitution whereupon jurisdiction is sought to be predicated." *Id.* Leonard's jurisdictional statement does not set forth facts regarding the nature or claims of the underlying case to indicate that jurisdiction is proper in this Court.

Second, Leonard's statement of fact fails to provide us with "an immediate, accurate, complete and unbiased understanding of the facts of the case." *McCullough v. McCullough*, 195 S.W.3d 440, 442 (Mo.App. S.D.2006). Rather, Leonard's statement of fact is unclear, biased, and argumentative. Pursuant to Rule 84.04(c), Leonard was to provide a "fair and concise statement of the facts relevant to the questions presented for determination without argument." Leonard fails to provide us with such a statement. Moreover, Leonard's statement of facts improperly references matters outside what was presented to us in the record on appeal. *See Pattie v. French Quarter Resorts*, 213 S.W.3d 237, 239 (Mo.App. S.D.2007).

Third, Leonard's points relied on fail to comply with the requirements of Rule 84.04(d)(1) in that the points must "identify the trial court ruling or action that the appellant challenges; . . . state concisely the legal reasons for the appellant's claim of reversible error; and . . . explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error." Although Leonard followed the "roadmap" outlined by Rule 84.04(d)(1), Leonard's points are largely unintelligible and fail to state any legal reasons for his claims of reversible error.

■ Finally, a gratuitous review of the judgment, briefs, and record before us, to the extent that we can even identify what Leonard complains of, suggests that he was convicted of two counts of sale of controlled substance and sentenced to two terms of fifteen years' imprisonment. In this suit, he is apparently trying to obtain records he claims the Respondents have and withheld from him during his prosecution. From the record on appeal Leonard

filed in this case, it appears that he previously filed another "Petition for Writ of Mandamus" in the Circuit Court of Cole County, case number 07AC–CC00212, seeking the same records, and that petition was dismissed on February 4, 2008. According to the Respondents' brief, this lawsuit "is the third of three separate suits in which [Leonard] claims that there were police reports relating to his criminal case in existence that were never disclosed to him or his attorney during his criminal trial." In any event, the trial court held a hearing in this case on November 7, 2008, and dismissed Leonard's petition, finding that Leonard had a full and fair opportunity to previously litigate his claim.

The doctrine of res judicata, or claim preclusion, "prevents a party from relitigating facts or questions that have been settled by judgment on the merits in a previous action." *Healthcare Servs. of the Ozarks, Inc. v. Copeland,* 198 S.W.3d 604, 612 (Mo. banc 2006). To invoke res judicata, "a final judgment on the merits must have been rendered involving the same claim or issue sought to be precluded in the cause in question." *Lomax v. Sewell,* 50 S.W.3d 804, 809 (Mo. App. W.D.2001) (quotation marks and citation omitted). Collateral estoppel, or issue preclusion, "precludes relitigation of an issue previously decided and incorporated into an earlier judgment." *Sexton v. Jenkins & Assocs., Inc.,* 152 S.W.3d 270, 273 (Mo. banc 2004). "The doctrine requires that the issue was fully and fairly litigated, that the issue was essential to the earlier judgment, and that the earlier judgment be final and binding on the party against whom it is asserted." *Id.*

*City of Kansas City v. Chung Hoe Ku,* 282 S.W.3d 23, 32 (Mo.App. W.D.2009).

The record that Leonard has provided to us does not contain the transcript, judg-

ments, and related court documents that would be necessary to enable us to determine whether the trial court correctly reached its decision. And we will most certainly "not convict a trial court of error when there is no evidence in the record from which to substantiate an appellant's claim." *Thomas v. Dir. of Revenue,* 874 S.W.2d 427, 429 (Mo.App. W.D.1994). As can be seen, the net effect is that we have no way to conduct meaningful appellate review.

For the foregoing reasons, Leonard's appeal is dismissed.

All concur.