PHILLIPS *et al. by Guardan* v. LA FORGE, *Appellant.*

1.  **Deed**: FEE-TAIL SPECIAL: LIFE ESTATE: REMAINDER.  A deed by
    a husband conveying land in trust for the benefit of his wife and
    the heirs of her body born in wedlock with the said husband cre-
    ates an estate in fee-tail special, which by Revised Statutes, 1855,
    p. 355, section 5, abolishing estates in fee-tail, is converted into a
    life estate in the wife with remainder in fee to the heirs named in
    the deed, who, upon the death of the mother, are entitled to the
    possession of the premises.

2.  **Life Estate, Power to Convey.**  It is not in the power of the
    father or mother, or both together, to do more in such case than dis-
    pose of her life estate.

3. ——— : CURTESY.   An estate by the curtesy is not incident to a life estate.

*Appeal from New Madrid Circuit Court.*—HON. J. D. FOSTER,   Judge.

AFFIRMED.

*Hatcher & La Forge* and *Wilson Cramer* for appellants.

(1) The conveyance to William D. Waldrup by De-Witt C. Phillips in trust for the benefit of his wife, Jennie Phillips, and the heirs of her body born in wedlock with him, makes Jennie Phillips tenant in tail special, equitable estates being governed by the same rules as legal estates.  1 Wash. on Real Prop. [3 Ed.] p. 90, sec. 33; Perry on Trusts [2 Ed.] secs. 357, 377, 382, 383. (2) Dower and curtesy are incidents of estates tail. 1 Wash. Real Prop. [3 Ed.] p. 95, sec. 49. (3) A husband may be tenant by the curtesy of lands held in trust for the wife.  1 Wash. Real Prop. [3 Ed.] p. 152, sec 10.; Perry on Trusts [2 Ed.] sec. 324; 4 Kent, 31, 32; Schouler's Dom. Rel. [2 Ed.] 163; *Alexander v. Warrance*, 17 Mo. 228; *Tremmel v. Kleiboldt*, 75 Mo. 255. (4) If DeWitt C. Phillips is tenant by the curtesy, his heirs cannot sue during the existence of his estate. *Carr v. Dings*, 54 Mo. 95; *Valle v. Obenhause*, 62 Mo. 81; *Dyer v. Brannock*, 66 Mo. 391.   (5) Equity never allows a trust to fail for want of a trustee, and so the death of Waldrup can make no change in the status of the parties.   Perry on Trusts [2 Ed.] sec. 240.   (6) The assignment of rent is valid under the statute and operates as a conveyance of the land till the judgment of La Forge is paid.   G. S. Mo., p. 464, sec. 14; *Lincoln v. Rowe*, 51 Mo. 571; *Siemers v. Kleeburg*, 56 Mo. 196.

*D. L. Hawkins, Bennett Pike* and *Smith & Krauthoff* for respondents.

(1) By the common law doctrine of entails the deed in question to the trustee, Waldrup, conveyed to Jennie Phillips an estate in fee-tail special, the said estate being limited to the heirs of her body "born in wedlock with the said DeWitt C. Phillips." 1 Wash. Real Prop. [4 Ed.] p. 90, sec. 33 *et seq.; Burris v. Page,* 12 Mo. 232. This fee-tail estate in Mrs. Phillips, created by the deed, was cut down as soon as created, by the section of the statute then in force (R. S., 1855, p. 355, sec. 5), concerning conveyances into an estate for life in her, with remainder to her children "born in wedlock with said DeWitt C. Phillips." (2) This statute cutting down the estate tail created by said deed to a life estate in Jennie Phillips, there is no tenancy by the curtesy in the husband, DeWitt C. Phillips, because there can be no tenancy by the curtesy in a life estate. Chitty's Blackstone, 99 ; 1 Coke, 648 and note *e; Burris v. Page,* 12 Mo. 232. (3) Defendant showed no title or right of possession as against the plaintiff's. The assignment of rents, even if legally made, continued in force only during the life time of Mrs. Phillips. (4) But the alleged assignment of the rents of the real estate described in the petition by Mrs. Phillips and her husband to the defendant in 1871 was invalid, and conveyed no interest in said rents and said real estate to said defendant. G. S., 1865, p. 464, sec. 14 ; *Bartlett v. O'Donoghue,* 72 Mo. 563. (5) Plaintiffs were the proper parties to sue. 1 Perry on Trusts, p. 299, sec. 240.

BLACK, J.—This is an action of ejectment for two hundred acres of land, instituted by the minor and adult heirs of Jennie Phillips, born of the marriage with De-Witt C. Phillips. The plaintiffs read in evidence a deed

from their father, DeWitt C. Phillips, dated in 1863, whereby he conveyed the lands in question, and also other lands to William D. Waldrup, "in trust for the benefit of his wife, Jennie Phillips, and the heirs of her body born in wedlock with said DeWitt Phillips." The trustee died in 1863, and Jennie Phillips died in 1874. The defendant put in evidence a deed dated in 1871, whereby DeWitt Phillips and his wife, Jennie, transferred and assigned to defendant the rents and profits arising and to arise from two hundred acres of the land, to secure a certain judgment debt, held by the defendant against DeWitt C. Phillips. Also a decree in a suit of this defendant against DeWitt C. Phillips and others, whereby the two hundred acres in question were set apart to the plaintiff in that suit, the defendant here, until the rents should pay the debts, taxes, costs, etc. The suit in which the decree was rendered was begun after the death of Mrs. Phillips, and the present plaintiffs were not made parties thereto.

1. There can be no doubt but the deed to the trustee created an estate in fee-tail special. 2 Black Com., 114. The effect of section 5, p. 355, Revised Statutes, 1855, which abolished estates in fee-tail, was to create in Mrs. Phillips a life estate only in the premises, remainder in fee to these plaintiffs. Upon the death of the mother the plaintiffs became entitled to the possession of the premises. It was not in the power of the father or mother, or both together, to do more than dispose of the life estate. It is scarcely necessary to add that DeWitt C. Phillips had no estate by the curtesy, for such an estate is not an incident to a life estate. *Burris v. Page*, 12 Mo. 359.

The judgment is affirmed. All concur.