MISSOURI CENTRAL BUILDING AND LOAN ASSOCIATION, Appellant, v. JOHN B. EVELER et al.

**Division One, November 29, 1911.**

1. **LIFE ESTATE: Mortgage: Money Invested in Improvements: Equitable Lien.** The life tenant has power by a deed of trust to encumber his life estate, but he cannot encumber the estate of the remaindermen; and even though he represents himself to the mortgagee to be the owner in fee simple of the lots, and upon the faith thereof the mortgagee lends him money and takes from him a deed of trust, and he uses the money in building a house thereon, the mortgagee, after his death, cannot have a lien on the lots or the house for the amount of the loan or any part thereof, if the remaindermen are minors, or being adults did nothing to estop themselves.

2. ———: **Improving Estate: Equitable Lien.** The life tenant has no power to charge the corpus of the estate with improvements; and if the remaindermen are minors, no charge upon the lands or the inheritance or the improvements can be made for improvements made by the life tenant.

Appeal from Cole Circuit Court.—*Hon. Wm. H. Martin,* Judge.

AFFIRMED.

*W. S. Pope* and *A. T. Dumm* for appellant.

Appellant concedes that it has been unable to find a decision of the appellate courts of this State which will determine the issue involved in the case at bar. It concedes, further, the general rule that a life tenant cannot make improvements and claim compensation for same from the reversioner or remainderman. But in this case the money loaned by plaintiff was loaned in good faith, and on the representation of the owner of the life estate (which plaintiff believed to be true) that he had a fee simple title to the property. The

petition alleges, and the demurrer admits, that every dollar of the money so loaned by plaintiff to the life tenant was spent by the latter in making permanent improvements upon the property, which greatly in-creased its value. The remaindermen who, on the death of the life tenant, became the owners in fee sim-ple of the property, have received all the benefits of this increased value. Plaintiff is remediless at law, and it is submitted that the equity power of the court can be invoked to grant it relief by subjecting the property to the payment of the debt, and this without in any way prejudicing the rights of the present own-ers.

*Hazell, Edwards & Lay* for respondents.

(1)   A life tenant cannot bind the estate, even though the improvements he places on it are of benefit and result in an enhancement of its value. Reyburn v. Wallace, 93 Mo. 326; Waldermeyer v. Loebig, 183 Mo. 363; Fredericks, Jr. v. Fredericks, Admr., 31 Ky. Law Rep. 583; Hall v. French, 165 Mo. 438.  (2) There is no equity in plaintiff's bill. This is a case where the maxim that ''equity follows the law'' strongly applies. Not having any standing in a court of law, they are in no better position in one of equity. Plain-tiff was charged with notice of the terms of the will of the father of Herman Eveler, the life tenant, and it could not bind the land of these minor defendants, simply because, as charged in the petition, it believed and relied on the false representations of Herman Eveler that he had an absolute estate in fee in the prop-erty. As between itself and these minor defendants appellant must stand the loss incurred, due to their mistake and confidence in the misleading and false statements made by the father, the life tenant, as to his title to the land. Waldermeyer v. Loebig, 183 Mo. 373.  (3) As to what the law is as to binding contracts

of infants, even when made by themselves and benefi-
cial to themselves and their property, the court's at-
tention is respectfully called to these cases: Valle v.
Fleming, 19 Mo. 454; Beck v. Kallmeyer, 42 Mo. App.
563; Tatum v. Holliday, 59 Mo. 422; Horstmeyer v.
Connors, 56 Mo. App. 115; Maupin v. Grady, 71 Mo.
278; Paul v. Smith, 41 Mo. App. 275; Dillon v. Bowles,
8 Mo. App. 419, 77 Mo. 603; Ridgeway v. Herbert, 150
Mo. 606; R. S. 1899, sec. 3423.

GRAVES, P. J.—Cast upon demurrer below, the
plaintiff stood upon its petition and after such adverse
judgment upon the demurrer brings the case here by
appeal. Learned counsel for the plaintiff has made a
very concise statement of the case, which statement
is adopted in the brief by learned counsel for the de-
fendants. We shall likewise adopt such statement.
In words, it is as follows:

"The petition alleges, and the demurrer admits,
that in the year 1901, Herman Eveler, being in pos-
session of a part of certain inlots in Jefferson City,
Missouri, described in the petition, applied to plain-
tiff for a loan of $800 on said property, representing
himself to be the owner thereof in fee simple; that
in the year 1903, under the same representations, he
applied to plaintiff for a further loan of $600 on said
property, and in the year 1904, under like represen-
tations, he applied to plaintiffs for a further loan
of $400, on said property; that plaintiff, believing said
representations of ownership to be true, and believ-
ing that the said Herman Eveler was the owner, in fee
simple, of the property, granted the loans thus applied
for, amounting in all to $1800, and took the said Eve-
ler's notes for said amounts of $800, $600 and $400,
said notes being secured by deeds of trust on said
property, executed by the said Herman Eveler and his
wife, defendant Nellie A. Eveler; that all of the money
so loaned by plaintiff to the said Herman Eveler was

used by him in making lasting and permanent improvements on said property, which resulted in greatly increasing the rental and market value thereof; that the improvements so made consisted in the building of another story on the two-room brick house theretofore standing on the land, and in erecting on the same land a seven-room, frame, two-story building, the former being occupied by the defendants as a home, and the latter being rented by defendants at $29 per month.

"The petition further alleges that Herman Eveler died in May, 1907, leaving as his only children the minor defendants, and his widow, defendant Nellie A. Eveler, and that since his death defendants have enjoyed the rents and profits of all the buildings erected with the money so borrowed from plaintiff as aforesaid. That no payments have been made on said loans since the death of the said Eveler, and that there is now due plaintiff on said loans the sum of about $1380.70. That it now appears that the said Eveler's representations of fee simple title in himself were untrue; that by the terms of his father's will, under which he was in possession and claimed said property, the said Herman Eveler never had the fee simple title to said property, but had only a life estate therein, and that on his death the fee simple title to said property vested in Eveler's children, the minor defendants herein. The petition further states that defendants refuse to make any further payments upon the loans, that plaintiff is remediless at law and prays the court, in the exercise of its chancery powers, to ascertain the amount yet due plaintiff, to declare such amount a lien upon the improvements, and to adjudge that the frame building now standing upon the minor defendants' land be subjected to the payment of plaintiff's debt in such way as to the court may seem best; and for such other proper and equitable relief as to the court may seem proper.

"Defendant Nellie A. Eveler demurred to the petition on the ground that she was not a necessary party defendant, and the minor defendants demurred on the ground that the petition did not state facts sufficient to constitute a cause of action. The trial court sustained the demurrers, and on plaintiff's declining to plead further, rendered judgment for defendants, whereupon plaintiff duly appealed to this court."

The facts disclosed by this record show a hard case for the plaintiff, but has it any redress in a court of equity? We think not. The good faith of plaintiff in loaning this money may be conceded, and by the demurrer is conceded, yet that does not avail the plaintiff in a case environed as is this case. With the money borrowed, the deceased life tenant made valuable improvements upon the lands, but under the facts this cannot avail as against these remaindermen. The father, the life tenant, could not by trust deed encumber the estate of these minors. His conveyance conveyed no more than the estate which he held, i. e., the life estate. This is the legal status, and in our judgment equity cannot relieve the legal situation. If life tenants could borrow money, whether upon deeds of trust or otherwise, with which to improve the estate of remaindermen, and the parties loaning the money could show that it went into actual improvements, and for that reason be adjudged a lien upon the property or any part thereof, estates in remainder would certainly be left in a precarious situation. Remaindermen would be at the mercy of the life tenant. Such would be a dangerous precedent and one which we do not feel called upon to set.

When the plaintiff loaned these sums of money to the life tenant, it did so with the constructive notice imparted by the will of the life tenant's father. That the title was defective could have been ascertained and this law suit averted is evident. The situation is harsh, but was not made by these defendants. The widow of

the life tenant has no interest in the controversy and as to her the demurrer was certainly well taken.

Going now to the remaindermen, we take it as well settled that a life tenant cannot charge the corpus of the estate with improvements. What he himself cannot do, cannot be done by those from whom he borrows money for that purpose.

In a recent Kentucky case, Frederick, Jr. v. Frederick's Adm'r, 31 Ky. Law Rep. l. c. 584, it is said: "It is a familiar rule that the life tenant cannot charge the corpus of the estate with improvements, and that he is not entitled to compensation for the enhancement of the property by reason of his improvements. [Henry v. Brown, 99 Ky. 17.] We do not see that there is anything in this case to take it out of the rule. If the improvements had been made by Mrs. Frederick, the life tenant, they would not be a charge upon the estate. They are certainly no more a charge upon the estate when made by her husband. . . . It is a sound rule of public policy which denies the life tenant the power to charge the estate for his improvements, although they may enhance the value of the property."

The above case is also reported in 13 L. R. A. (N. S.) at page 514, where it is made the subject of a very lengthy note in which are collated numerous authorities. The learned annotator thus announces the general rules:

"It is the general rule that a life tenant has no right to recover from the remainderman for improvements made during the continuance of the life estate.

"And it is also the well established law that no charge upon the lands or the inheritance can be made for such improvements.

"The court, in Caldwell v. Jacob, 16 Ky. L. Rep. 21, gives two reasons for this rule: First preventing the life tenant from consuming the interest of the remainderman by making improvements that the remainder-

man cannot pay for, or that he does not desire; second, improvements are made for the immediate benefit of the life estate, and usually without reference to the wishes of the remainderman.''

In 16 Cyclopedia Law and Procedure, p. 631, the rule is thus stated: ''If the life tenant himself makes permanent improvements it will be presumed that they were for his own benefit, and he cannot recover anything therefor from the remainderman or reversioner. Exceptions to this rule have been made in the case of a life tenant who completes a dwelling house begun by the donor of the estate, or who makes improvements upon mining property to prevent its forfeiture. A life tenant who makes improvements believing himself to be the owner in fee is not entitled to the benefit of the betterment or occupying claimant laws.''

There are exceptions to these general rules as will be disclosed by the collation of cases under the Frederick case, supra, in 13 L. R. A. 514, et seq., but the facts of this case do not bring it within the exceptions found in the cases there cited. In the case at bar the remaindermen were all infants. They could not assent to the contract made by their father, the life tenant, and they are in no way estopped by their own conduct.

It is also the general rule that one holding under the life tenant is entitled to no more consideration than the life tenant. [Vide authorities collated in note to the Frederick case, supra, 13 L. R. A. (N. S.) l. c. 516.] Among the cases there cited is the case of Schorr v. Carter, 120 Mo. 409. In the Schorr case, the action was one in ejectment by a remainderman. Defendants had possession and claimed title through a conveyance from the life tenant. It was urged that defendants were at least entitled to recover for repairs made to the property and have such offset against the damages for the unlawful holding. This court said: ''Defendants were not entitled to a reduction of damages

for outlays expended in the preservation of the property, and the court committed no error in excluding all evidence with respect thereto.''

With the general trend of the authorities as we find them we are unwilling to establish a precedent in this State by which the interests of minor remaindermen may be frittered away by a life tenant. Plaintiff, by the exercise of that care which is required of one taking a conveyance of real estate, could have discovered the exact status of the title to this property. Defendants did nothing to induce action upon the part of plaintiff. They were minors and could do nothing which would bind them.

The judgment of the trial court is right and is therefore affirmed. All concur.