Gray v. Clement.

---

MARY GRAY et al., Appellants, v. MICHAEL CLEMENT and FRANCES CLEMENT, Appellants.

Division Two, December 22, 1922.

1. **PARTITION**: Life Tenant Against Remaindermen. Under the statute (Sec. 1995, R. S. 1919) a life tenant cannot maintain partition against the remaindermen.
296 Mo.—32.

2. ———: Husband of Life Tenant: Curtesy. Tenancy by the curtesy is not an incident of a life estate, and the husband of the life tenant has no right, present or prospective, which entitles him to institute, either by himself alone or jointly with his wife, an action for a division or sale of land devised to her for life and to her children in remainder.

3. ———: Void Judgment: Consent of Minors. A judgment in partition brought by a life tenant and her husband against minor remaindermen is void, and a sale of the fee thereunder is likewise void. There can be no partition of the fee without the consent of some of its owners, and minor owners cannot consent, nor can their guardian *ad litem* consent for them, nor can the life tenant or her husband or both consent for the minor remaindermen, although they are their parents.

4. ———: ———: Collateral Attack. A petition in partition alleging that one of the plaintiffs is the owner of a life estate only in the property under her father's will and that the other is her husband, and that the defendants are her minor children and remaindermen, and that her father's will devised the property to her for life, with remainder to her children or their descendants, showed on its face that the court had no jurisdiction to render a judgment either for a division or the sale of the property, and such judgment, being void and the record showing that the court had no power to render it, can be attacked in a collateral action to quiet title brought by said minor remaindermen after the life tenant's death. And whether the will gave them a contingent or vested remainder is immaterial. [Following and confirming Gray v. Clement, 286 Mo. 100.]

5. JURISDICTION: Collateral Attack. Jurisdiction consists of something more than having the parties in court and general authority over the subject-matter; it also consists of power to render the particular decree, to grant the particular relief. A judgment may be attacked in a collateral proceeding for error of the court in assuming jurisdiction; and one form of erroneous assumption of jurisdiction is disregard of limitations prescribed by law upon the court's power. Where a court is authorized by statute to entertain jurisdiction in a particular case only, and it undertakes to exercise the power and jurisdiction conferred in a case to which the statute has no application, in so doing it acquires no jurisdiction, and its judgment is void and subject to collateral attack.

6. VOID JUDGMENT: Title of Purchaser. A judgment ordering the sale of the land, rendered in a suit in partition brought by the life tenant against the minor remaindermen, being void on its face,

the purchaser at the commissioner's sale acquired no title to the fee, and any subsequent conveyance by him invested his grantee with no greater interest than he had acquired, which was the life estate of the plaintiff, and in no wise affected the interests of the remaindermen.

7. ———: Improvements Made by Purchaser: Good Faith. A prerequisite to the right of a purchaser to recover for improvements made by him upon lands to which he had no title is that they were made in good faith. Where the life tenant and her husband brought suit in partition against the minor remaindermen, knowing that she had only a life estate and that their children were the owners of the remainder in fee, as is shown by his affidavit to the petition so alleging and the decree of the court so reciting, and he became the purchaser at the commissioner's sale, being the moving factor in the whole proceeding and his purpose being to extinguish the interests of the minor remaindermen and secure an ostensible title in fee in himself, he did not act in good faith and is not entitled to recover for improvements he placed upon the lots; nor is the grantee of the husband and his wife, the life tenant, entitled to compensation for improvements made by the husband.

8. ———: ———: Grantee of Life Tenant. A life tenant cannot charge the corpus of an estate with improvements, and one holding under a life tenant is entitled to no more consideration than is the life tenant. Neither can recover from the remaindermen the value of improvements placed upon the property.

9. ———: ———: Legal Presumption. The presumption of law is that a husband who made improvements on land devised to his wife for her life and to her children in remainder made them for the benefit of his wife and her children.

10. ———: Laches: Minor Remaindermen. Where the remaindermen were minors at the time the life tenant and her husband brought suit in partition against them, and therefore incapable of acquiescing or consenting to any phase of the action, and, after the sale of the property to their said father under the void judgment and his conveyance of it to another, the grantee's heirs brought suit in partition, to which the remaindermen were not parties, they are not chargeable with laches for delaying suit to recover the property until their mother's death, notwithstanding their father, during their minority, had placed valuable improvements upon it.

## Appeal from St. Louis City Circuit Court.—*Hon Franklin Ferriss*, Judge.

REVERSED AND REMANDED (*with directions*).

*T. J. Rowe, T. J. Rowe, Jr.*, and *Henry Rowe* for plaintiffs.

(1) The circuit court had no jurisdiction to render a judgment in the case of Josephine Brokel and Frank Brokel v. Mary Brokel et al., because the petition showed on its face that Josephine Brokel had an estate for life in said property, and under the statute a life tenant cannot maintain partition against those having the estate in remainder. Sec. 3339, R. S. 1879 (now Sec. 2559, R. S. 1919); Stockwell v. Stockwell, 262 Mo. 671. (2) The common source of title to the real estate described in the petition was Francois Giraldin; the defendants, Michael Clement and Frances Clement, acquired by mesne conveyances an estate in the property during the life of Josephine Brokel, and at the death of Josephine Brokel their estate terminated and the plaintiffs and Emma Reidmeyer, after the death of Josephine Brokel, had an estate in fee simple in said real estate. (3) This court has decided that the plaintiffs and Emma Reidmeyer have the fee-simple title to the property described in the petition herein, and on September 5, 1917, the date of the death of Josephine Brokel, the estate which Michael and Frances Clement owned terminated and that the plaintiffs and Emma Reidmeyer were entitled to the possession of said property. Gray v. Clement, 286 Mo. 100. (4) The right to recover for the improvements is a statutory action and improvements cannot be recovered in a statutory action to ascertain and determine the title to real estate. Sec. 2535, R. S. 1909 (now Sec. 1970, R. S. 1919); Henderson v. Langley, 76 Mo. 228; Tice v. Fleming, 173 Mo. 56; Brown v. Baldwin, 121 Mo. 114; Bristol v. Thompson, 204 Mo. 366; Mann v. Doerr, 222 Mo. 18; State ex rel. v. Foard, 251 Mo. 56. (5) The value of the rents and profits of the real estate described in the petition is $64.50 per month,

according to the testimony of Michael Clement. Plaintiffs were entitled to possession on September 5, 1917, and consequently should have had a judgment for the rents and profits from September 5, 1917, up to the date of the judgment. The rents and profits from September 5, 1917, to September 5, 1922, amounted to $3850. Plaintiffs should have a judgment awarded them for at least that amount. A person who has made improvements upon lands, tenements or hereditaments prior to his having had notice of an adverse title has no lien on the land that he improves by virtue of either statutory or common law. The only right to recover for improvements made in good faith by one having no title to the real estate is given by the statute, Sec. 1834, R. S. 1919. See Secs. 1835 to 1840, R. S. 1919. (6) The right to recover for improvements is not given by Sec. 1970, R. S. 1909. (7) A party who purchases at a commissioner's sale in partition acquires only the title of the parties to the partition suit. A purchaser at a partition sale buys at his peril. McMenany v. Cole, 134 Mo. App. 266. There is no warranty of title in a partition suit. Schwartz v. Dryden, 27 Mo. 572; Cashion v. Faina, 47 Mo. 133; Chilton v. Harris, 179 Mo. App. 270; Smoot v. Judd, 161 Mo. 691. (8) Improvements made on property by a life tenant attach to the estate and pass to the reversionary remaindermen at the expiration of the life estate without any liability on his part to make compensation therefor. Shaftner v. Schilling, 6 Mo. App. 42; Henry v. Brown, 99 Ky. 13; Taylor v. Campbell, 86 Ga. 181. (9) If Frank Brokel, the grandfather of Frank F. Brokel, and the father of the other plaintiffs in the case, had not conveyed the real estate described in the petition to Schulte and had survived his wife, Josephine Brokel, he could not maintain an action to recover the value of the improvements from his children and grandson. Consequently Michael and Frances Clement cannot recover the value of the improvements made by him on the property described in the petition. (10) The court

erred in adjudging one-half the costs against plaintiffs. Secs. 1694, 1972, R. S. 1919.

*Marion C. Early* for defendants.

(1) A judgment in partition in a suit brought solely by the life tenant as plaintiff against the remaindermen as defendants, though erroneous, is not void; and a purchaser at a sale under such a decree has a title that cannot be attacked collaterally. Cromwell v. Hull, 97 N. Y. 209; Reed v. Reed, 107 N. Y. 545; Harrison v. Higgins, 218 N. Y. 556. (2) When the court has cognizance of the class of cases to which the one adjudged belongs, and of the parties, the point decided, though erroneously, is *res adjudicata*, and cannot be attacked collaterally. Hagerman v. Sutton, 91 Mo. 519; Rivard v. Railroad Co., 257 Mo. 135; Jaco v. Railroad, 94 Mo. App. 567; Winningham v. Trueblood, 149 Mo. 580; Chrisman v. Divinia, 141 Mo. 122; King v. Theis, 272 Mo. 416; Cochran v. Thomas, 131 Mo. 258; Sparks v. Clay, 185 Mo. 393, as construed in Stockwell v. Stockwell, 262 Mo. 687. (3) If the owner of an interest in property receives as such the proceeds of the sale of that property under a judicial sale, then, even though the judicial proceeding is void, such owner cannot assert his title against the purchaser at such sale. Hector v. Mann, 225 Mo. 228; Pockman v. Meatt, 49 Mo. 349; Proctor v. Nance, 220 Mo. 104; Cape Railroad v. Southern Bridge Co., 215 Mo. 286. (4) What the guardian *ad litem* in a partition suit does in that case on behalf of the minor is as binding on the latter as if it had been done by him after his disability were removed. R. S. 1909, secs. 2566, 2567; LeBourgeois v. McNamara, 82 Mo. 189; Payne v. Masek, 114 Mo. 631; Stump v. Hornback, 94 Mo. 26; Russell v. Defrance, 39 Mo. 506. (5) Defendants properly set up all equities in this proceeding. The court has full power to grant proper relief. Talbert v. Geist, 198 Mo. App. 492. It has been held that when plain-

tiffs and defendants derive their title from a common source, as they do here, improvements can be pleaded as an equitable defense. Henderson v. Langley, 76 Mo. 226. (6) The sale in 1909 was widely advertised; plaintiffs were fully advised of such sale, knew Clement had purchased the property, which facts, coupled with numerous other undisputed facts, constitute an estoppel against plaintiffs. Wendell v. Van Renselaer, 1 John Ch. 244; Withers v. Railroad, 226 Mo. 399; Guffey v. O'Reily, 88 Mo. 418; Palmer v. Welch, 171 Mo. App. 580. (7) When the purchaser at a partition sale thought he got a fee, but was adjudged to have got a life estate, though the error was of record and the purchaser made improvements, the grantee of such purchaser under these conditions—precisely as in the case at bar—may recover the value of such improvements. Gallenkamp v. Westmeyer, 116 Mo. App. 680; Stump v. Hornback, 15 Mo. App. 367; Mobley v. Nave, 67 Mo. 546; Shrover v. Nickell, 55 Mo. 264; Mann v. Doerr, 222 Mo. 1, 18; Tire v. Fleming, 173 Mo. 49; Bristol v. Thompson, 204 Mo. 366.

WALKER, J.—This is a suit brought under Section 1970, Revised Statutes 1919, to quiet title to certain real estate in the city of Saint Louis, and in ejectment. This is the second appeal in this case. On a former trial there was a judgment for defendants and plaintiffs appealed. This court reversed and remanded the case. [Gray v. Clement, 286 Mo. 100.] The hearing and determination following this reversal constitute the matters for review.

This property, as described in the petition, was devised by Francois Giraldin, the owner of the fee, to his daughter Josephine Brokel for life, with remainder in fee therein to her children or their descendants. On December 26, 1878, this will was probated in the probate Court of the City of Saint Louis. On the 16th day of January, 1880, Josephine Brokel, the life tenant, and

her husband, Frank Brokel, brought a suit in the Circuit Court of the City of Saint Louis against their children, the remaindermen in fee, to partition the land in question. The petition alleges that plaintiffs Josephine and Frank Brokel are husband and wife, and that the defendants are the fruits of said marriage and are all minors; that Francois Giraldin died seized in fee of the real estate described in the petition, and by his last will devised the land to his daughter Josephine Brokel for the term of her life and at her death the same was to be divided among her children or their descendants; that the title of said Josephine Brokel in said land is that of a life estate, and that Frank Brokel has a right by the curtesy to same; that the defendants are each entitled to a one-fifth interest in fee in said land subject to the life estate of Josephine and the right by the curtesy of Frank Brokel; that the nature of the land is such as to render it incapable of partition in kind and an order of sale is prayed for.

On the 26th day of May, 1880, a decree of partition and an order of sale was made in that suit. A commissioner was appointed to sell the land and compute the value of the life estate. On June 29, 1880, the land was sold, the purchaser being Frank Brokel, at the sum of four hundred dollars. The report of the sales was approved by the court and a deed therefor made to him, which was formally acknowledged. The wife's interest in the proceeds of the sale having been apportioned, the amount due each child of the pittance remaining was stated, but there is no showing that it was ever paid to them.

In 1881 or 1882, Frank Brokel erected two buildings on this land at a cost of about eight thousand one hundred dollars. He and his wife subsequently executed a deed of trust on the land to secure a loan made to them and thereafter (April 28, 1886) they conveyed the land by warranty deed to one August Schulte, subject to the lien of the deed of trust, which was made a part of

the consideration. Three or four years after the making of this deed to Schulte, Frank Brokel died. Schulte, dying thereafter, devised the land to his wife. Upon the latter's death intestate, a part of her heirs brought a suit against the others to partition the land, and under a decree rendered therein, it was sold and the defendants herein, viz., Michael Clement and Frances, his wife, became the purchasers and a deed was made to them. It thus appears that defendants Michael and Frances Clement derived their title by mesne conveyances originating in the deed to Schulte from Frank and Josephine Brokel. Josephine Brokel died September 5, 1917. The plaintiffs herein and one Emma Reidmeyer are her surviving heirs.

Plaintiffs' petition in the instant case alleges that the defendants Michael and Frances Clement are in possession of and claim to be the owners in fee of the land; and that they have been collecting the rents on same since the death of Josephine Brokel, September 5, 1917, the value of which is eighty dollars per month. A formal prayer for the determination of the title follows, with a plea that the plaintiffs be awarded damages in the sum of five thousand dollars against the defendants for the withholding of the possession of the property from the date of the death of the life tenant Josephine Brokel, and for eighty dollars for monthly rents from the date of the judgment herein until the delivery of the possession of the premises to the plaintiffs.

Upon a hearing, the circuit court, on the 13th day of February, 1922, adjudged and decreed that at the time Frank Brokel acquired the possession of the property in question it was unimproved and its value was two thousand dollars; and that at the time the defendants, Michael and Frances Clement, acquired the possession of same September 27, 1910, by reason of the improvements placed thereon by Frank Brokel, the value of the property was five thousand dollars—a first lien is therefore decreed in favor of the defendants upon

the property in that sum, and they are adjudged to be entitled to retain the possession of same until it is paid. The ownership of the fee in the property, subject to the lien of the defendants, is declared to be in the plaintiffs and Emma Reidmeyer; and upon the payment to said defendants of the amount of their lien that the owners of the fee are entitled to the possession of the premises. The court further decrees that the owners of the fee, if they deem proper so to do, may, instead of discharging the lien of the defendants on said land, execute deeds of special warranty to the defendants and upon the payment by the latter to the plaintiffs of the sum of two thousand dollars, the title is to be divested out of the plaintiffs and invested in the defendants. The right of the plaintiffs, in the event they elect to accept two thousand dollars for their interest, to enforce their claim for same against the defendants, is given judicial recognition, or as it is stated, "they may proceed as if no election had been made." In the event they do not elect, the title to the premises is in them, subject to defendants' lien. The possession of the premises pending the determination, as thus provided, of the matter at issue, is awarded to the defendants, to be retained by them until their lien is discharged, which, if not consummated within one year from the date of this decree, will authorize the defendants to foreclose the same. The costs of the proceeding are ordered divided, and the court retains jurisdiction to enable it to make such further orders, etc., as may be deemed expedient and proper.

The assignments of error of the respective parties are, on the part of the plaintiffs, the ruling of the circuit court that the defendants are entitled to a lien on the land in question and to the possession of the same until such lien is discharged; and, on the part of the defendants, that this action is unauthorized in that it is a collateral attack upon the judgment in partition and the order of sale of the land in question. Other assign-

ments are subordinate to those stated and may be considered in connection with them.

I.  Proceedings in partition under our law so far as concerns the jurisdiction of the courts are purely statutory.  To the latter we must

Partition: By Life Tenant Against Minor Remaindermen.

look, therefore, to determine the power of the court in a given case.  The petition in the partition proceeding discloses that this is a suit by a life tenant and her husband against the remaindermen in fee—their children—to partition the land in question.

The section of the statute authorizing actions to partition land (Sec. 1995, R. S. 1919) is confined to those held in joint tenancy, tenancy in common and coparcenary.  While the interests thus held may include estates for life or for years as well as in fee and tenancies by the curtesy and in dower, the dominant requirement of the law is that there must be such an undivided holding by two or more owners as is susceptible of being divided so as to become a several holding by each.

The facts pleaded do not bring this case within the purview of the statute.  The tenancy of Josephine Brokel covered the entire estate for the period of her life during which no one else could have an interest therein except by an act of hers which severed her interest from the freehold.  Her interest being that of a tenant for life, her husband had no right, present or prospective, which would have-entitled him to institute an action for a division or sale of the land.  Tenancy by the curtesy in this State had its origin in and is dependent upon the common law.  [Tremmel v. Kleiboldt, 6 Mo. App. 549.]  The wife was neither seized in fee nor in tail as required by that law and the averment in the petition of the husband's right to a tenancy by the curtesy must go for naught.  Recognizing the correctness of this conclusion, this court has more than once held that a tenancy by the curtesy is not an incident of a life estate.  [Spen-

cer v. O'Neill, 100 Mo. 49; Phillips v. LaForge, 89 Mo. 72; Burris v. Page, 12 Mo. 359.]

There was no common interest in the land between the defendants, the remaindermen in fee in the partition suit, and the plaintiffs, and hence there could be no severance or partition of their undivided interests such as is authorized by the statute (Sec. 1995, supra). Moreover, although not necessary to a determination of this case, it is evident from the terms of Francois Giraldin's will that he never intended that this land should be sold in partition so as to destroy the rights therein of the remaindermen. The very creation of the remainders in fee precludes, under any system of reasoning, such a construction of the devise as will authorize a destruction of the fee by a judicial proceeding. In the jurisdiction thus assumed, therefore, the court ran counter to the statute which prohibits the sale of lands in partition contrary to the will. [Sec. 2005, R. S. 1919.] In addition to the absence of statutory authority for the partition proceeding, it appears that the defendants were at the time not only minors, but children of tender years. They could not therefore consent to this proceeding. And while not discussing the important and always to be observed duty of the courts to protect the rights of infants, it will suffice to say that judicial action affecting those rights should not be exercised in the absence of well defined authority for same. Not only in equity, but under the statute, are minors regarded as wards of the court, and as such entitled to its sedulous care and continued protection. [Carson v. Hecke, 282 Mo. l. c. 595; Revely v. Skinner, 33 Mo. l. c. 101.] It is alleged in the petition that the land is not susceptible of division in kind and that the same should be sold, which was done. All this, however, is but incidental, as underlying every other question is that of the power of the court to entertain a proceeding of this character. That the statute confers no such power, we have shown, and an exhaustive review of this question in several cases confirms the correctness of this conclusion.

In Stockwell v. Stockwell, 262 Mo. 671, it was explicitly held that a life tenant and two contingent remaindermen could not, under the statute, maintain an action for partition of land against other remaindermen. There, as here, it was conceded that the land was not susceptible of physical division, and hence the proceeding was one for the sale of the land and a division of the proceeds. After holding that the statute confers no such authority as is here sought to be exercised, the court, quoting with approval its former ruling in Throckmorton v. Pence, 121 Mo. 50, in which the interests of the parties were as in the Stockwell Case and at bar, holds that the proceedings in partition were absolutely void; that the plaintiff being the sole owner of the land could not maintain partition against herself.

In Carson v. Hecke, 282 Mo. 580, it is held that a tenant for life cannot compel partition among remaindermen, nor they against him, as partition is not available of their estates except by the consent of the respective owners; that where some of the heirs are minors there can be no partition until the termination of the life estate or the minors become of age; that where partition is dependent upon the consent of the parties, who are minors, their guardians cannot consent for them.

In Gray v. Clement, 286 Mo. 100, heretofore referred to, which was a suit between the same parties and in regard to the same subject-matter as at bar, the rule announced in the Stockwell and Carson cases as to the statutory limitations upon the right to partition land was affirmed. This ruling, with others subordinate, yet pertinent, to the main issue, determines the right of collateral attack upon the judgment of partition therein; the right of the minor remaindermen to attack that judgment; their incapability of consenting to any disposition of the fund arising from the sale; the lack of power of a guardian *ad litem* to consent for them or to contract on their behalf for the disposition of the proceeds of the sale; and that such remaindermen are not

estopped to assert that the judgment was void, although while minors they knew that improvements were being made on the land subsequent to its sale under the judgment of partition. These rulings, covering as they do every issue raised by the pleadings, should have sufficed to finally determine this controversy. However, despite our ruling upon the former appeal that the partition proceedings out of which emanated the title of the Clements was absolutely void, the circuit court upon the second trial proceeded to ascertain and attempted to determine the rights of all the parties. This course may have been induced by our general entry of a reversal and remanding, instead of a reversal accompanied by such directions as would have authorized a disposition of the matters at issue without the winnowing of the threshed straw which followed. At all events, that the wraith of an irregular rather than a void judgment, which seems to persist in haunting the mind of counsel for defendants, may be forever laid, it would seem to be sufficient to reiterate what we said in the former opinion (Gray v. Clement, 286 Mo. l. c. 109) that: ''Where the record of a judgment shows on its face that the court did not have authority to grant the particular relief which it did grant, the judgment is void and subject to collateral attack. There must be jurisdiction of the matter acted upon; the court must have the power 'to render the particular judgment in the particular case' before it can be said to have jurisdiction.'' [Citing cases.] ''The petition in the partition suit, and the judgment itself, recites that Josephine Brokel has a life estate in the premises and the defendants have the remainder. It does not matter whether the remainder were vested or contingent. The judgment shows on its face that the relief granted was such as the court could not render in that class of cases. Therefore it is void and subject to collateral attack.''

If more were needed to establish the correctness of this conclusion and emphasize the court's attitude in

adhering to same, a statement of the general rule should suffice. It has thus been crystalized: "While it is well

**Jurisdiction.** settled that a judgment cannot be questioned collaterally for an error committed in the exercise of jurisdiction, the rule is equally well established that a judgment may be attacked in a collateral proceeding for error in assuming jurisdiction. Even where a court has jurisdiction over the parties and the subject-matter, yet if it makes a decree which is not within the powers granted to it by the law of its organization, its decree is void. Thus, a judgment may be collaterally attacked where the court had jurisdiction of the parties and subject-matter of the action, but did not have jurisdiction of the question which the judgment assumed to determine, or power to grant the particular relief which it assumes to afford to the litigants. . . . One form of usurpation of power on the part of a court in rendering a judgment is where it attempts to disregard limitations prescribed by law restricting its jurisdiction. . . . Where a court is authorized by statute to entertain jurisdiction in a particular case only, and it undertakes to exercise the power and jurisdiction conferred in a case to which the statute has no application, in so doing it will not acquire jurisdiction, and its judgment will be a nullity and subject to collateral attack." [15 R. C. L. sec. 327, p. 853; Chickamauga Tr. Co. v. Lonas, 201 S. W. (Tenn.) 777, L. R. A. 1918D, 453 and notes.]

II. The invalidity of the partition proceedings being complete, Frank Brokel obtained no title to the land by reason of his purchase of same at the sale thereunder. The deed, therefore, from Frank and Josephine Brokel to Schulte invested the latter with no

**Void Judgment: Title of Purchaser.** greater interest in the land than that of his grantors, which was the life estate of Josephine; nor will the subsequent disposition of the land, whether by transfer, devise or judicial pro-

ceedings, growing out of and based upon the title claimed to have been acquired by Schulte, affect the interest of the remaindermen.   [Schee v. Boone, 295 Mo. 212, 243 S. W. l. c. 885; Cunningham v. Anderson, 107 Mo. 371.] That interest, as we held in Gray v. Clement, supra, was a contingent remainder which ripened into a fee simple title upon the death of the life tenant.

III.  But it is contended that the defendants are entitled to recover compensation for the improvements made upon the land by Frank Brokel after his purchase of same at the partition sale; and counsel are insistent that we determine this question, especially in view of

Improvements. the fact that its consideration constitutes the major portion of the decree of the trial court.  We are not unmindful of the rule that where a defendant in ejectment does not claim title from or through the plaintiff that his action for improvements placed on the land in good faith in the belief that he was the owner thereof must be asserted in an independent action, although it cannot but be regarded as ancillary to the ejectment suit.   [State ex rel. v. Foard, 251 Mo. 51.]  In view, however, of the allegations of the pleadings and the latitude of the statute (Sec. 1970, R. S. 1919) under which the suit is brought, it is deemed not inappropriate to determine the question now without requiring the parties, upon the disposition of the appeal in the instant case, to resort to another action to settle the controversy.  [Hill v. Ballard, 178 S. W. (Mo.) 445.]  The case at bar may be distinguished from that of Koehler v. Rowland, 275 Mo. 573, in that compensation for improvements was not asked for in the pleadings in that case.   The rule, not only under the statute especially applicable to cases of this character (Sec. 2401, R. S. 1919), but as defined by the courts, authorizes one evicted from real estate to recover against the person held to have the better title thereto, compensation for all improvements made by him in good

faith on such land prior to his having notice of the adverse title.  Nor is the right limited to the one who actually makes the improvements. Where judgment for possession has been rendered in an ejectment suit, the defendant therein may recover against the plaintiff not only the improvements made by himself, but also those made in good faith by his predecessor.  [Gallenkamp v. Westmeyer, 116 Mo. App. 680; Stump v. Hornbeck, 15 Mo. App. 367.]   There is no evidence that the defendants made any of the improvements shown to have been placed on the property.  On the contrary, it is undisputed that these improvements were all made by Frank Brokel after he had purchased the property at the partition sale.  Michael Clement does testify that after he purchased the property he paid the taxes thereon, made the repairs and collected the rents.  Other than this general statement, there is no testimony from which the amount of the taxes paid or the value and extent of the repairs can be determined.  Leaving out of consideration, therefore, the question as to whether charges of this character can be classified as improvements—not necessarily to be determined here in the state of the testimony—our discussion of the question of liability for improvements must be limited to the fact that they were all made by Frank Brokel, the predecessor of the defendants and from whom they claim title.  [Koehler v. Rowland, 275 Mo. 573, 9 A. L. R. 107.]   If Frank Brokel had not conveyed the land to Schulte and had survived his wife, and upon her death the action at bar had been instituted against him by their children, could he have recovered the value of the improvements made by him?  A prerequisite to his right to recover is his good faith in making the improvements.  In the absence of this express statutory requirement (Sec. 1834, R. S. 1919) there can be no recovery for improvements. As was said in effect by this court in Cox v. McDivit, 125 Mo. l. c. 361: "While the remedial provisions of this statute have ever been liberally construed. . . .

no remedy has been conferred upon the party making the improvements unless it is shown that the terms of the statute have been complied with.'' No part of the statute can be more essential to the validity of a claim for improvements than that of good faith. By this we mean an honest belief on the part of the claimant at the time he made the improvements in the integrity of his title and that it was better than that of the remaindermen; or, as the term has been more elaborately defined in Platt v. Francis, 247 Mo. l. c. 312, it embodies ''an honest intention to abstain from taking any unconscientious advantage of another, even through the forms and technicalities of law, together with an absence of all information or belief of facts which would render the transaction unconscientious.'' It is disclosed by the record in the partition suit, in the making of which Frank Brokel was a moving factor, that his wife had a life estate in the land and that their children were entitled to the remainder in fee. Not only is his knowledge of these facts shown by his petition in partition, to which he made affidavit, but the decree of the court bases its findings upon these facts. Armed with this knowledge, the only reasonable explanation of his conduct in bringing the partition suit is not that he was content to enjoy the use of the land as the husband of the life tenant and in other respects recognize the rights of the remaindermen, but that he was seeking through ''the forms and technicalities of the law'' to extinguish the life estate, obliterate the interests of the remaindermen and by his purchase at the partition sale to secure an ostensible title in fee in the land. That the wife participated in this attempted transformation of her interest can, as we have shown in discussing the invalidity of the proceeding, lend no color of authority to his act in making the improvements. [Missouri Cent. B. & L. Assn. v. Eveler, 237 Mo. 679, 141 S. W. 877.] The minority of the remaindermen rendered them incapable either of acquiescing in his conduct or of legally

objecting to same.   [Gray v. Clement, 286 Mo. l. c. 110.]
Furthermore, it appears that no effort was made by
Frank Brokel to place any improvements on the prop-
erty and thus enhance its rental value until after he had
acquired what he deemed a complete title to same.
There was, therefore, in his entire conduct, and we speak
not harshly but as the facts warrant, a complete absence
of any fact which can be classified as indicative of a
purpose on his part to protect the interests of the re-
maindermen, which was clearly his duty, and thus make
manifest that good faith, vitally essential to the sus-
taining of a claim for compensation for improvements.
We have shown that our own courts recognize the right,
in a proper case, of a recovery for improvements al-
though made by a predecessor of the claimant.   This
right, however, is always accompanied by the limitation
that the improvements have been made in good faith.
While good faith is an essential to the right of a recov-
ery for improvements, other cogent reasons may be
urged against the allowance of this claim.

It is a general rule that one holding under a life
tenant is entitled to no more consideration than the latter.
The partition proceedings being void, Frank Brokel's
interest in the land was limited to the life tenancy of
his wife.   It is elementary that a life tenant cannot
charge the corpus of an estate with improvements.   [Mo.
Cent. Assn. v. Eveler, 237 Mo. 679; Matlack v. Kline, 280
Mo. l. c. 158.]

It is a familiar fact in physics that a stream cannot
rise higher than its source.   Paraphrasing this axiom,
it may be said that Frank Brokel's authority in regard
to this land could not rise higher or exceed that of the
life tenant, his wife.   In short, what she could not have
done, he could not do.   If, therefore, she had made the
improvements, it will be presumed that they were made
for her own benefit and a like rule will apply when they
are made by him.   Under this presumption, neither would
have been entitled to recover for the improvements.   Not

only is this true but if it can be presumed, under the facts in this case, that although they believed they had acquired the fee under the partition sale, they could not have recovered from the remaindermen the value of the improvements. [Mo. Cent. Assn. v. Eveler, 237 Mo. 679, 141 S. W. l. c. 879; Presby. Church v. Fithian, 16 Ky. L. Rep. 581, 29 S. W. 143; Caldwell v. Jacob, 16 Ky. L. Rep. 21; Frederick v. Frederick's Admr., 31 Ky. L. Rep. 583, 13 L. R. A. (N. S.) 514; 16 Cyc. p. 631.]

The rulings are numerous on this question and while under the statutes in some jurisdictions exceptions appear, the strong current of authority is in accord with the conclusion we have reached herein as to the nonliability of the remaindermen for improvements.

The claim of the defendants at bar is purely derivative; or, more concretely stated, it is entirely dependent upon the right of their predecessor, Frank Brokel. In the absence of his right, which we think has been sufficiently shown, they cannot recover.

IV. The defendants rely upon the authority of Gallenkamp v. Westmeyer, 116 Mo. App. 680, to sustain their claim. That case was a statutory proceeding under what is now Section 1838, Revised Statutes 1919. In the partition case of Frank Brokel and wife against their children, the court had no jurisdiction

Gallenkamp Case. and the proceedings were void. In the Gallenkamp Case, the court rendering the decree had jurisdiction and a person not a party to the partition suit purchased and improved the property. In the instant case, Frank Brokel, who was a party to the original partition suit, improved the property. The remaindermen were not required to notify him that Francois Giraldin, their grandfather, had devised the land to their mother for life with remainder to them. Frank Brokel knew the contents of the testator's will. It does not appear that the remaindermen knew anything about the contents of the will when their father improved the

property. Their knowledge would not have affected their interests. We have stated that when he improved this property, the presumption of law is that he did it for the benefit of his wife and his children. No such state of facts are found in the Gallenkamp Case. It further appears that the remaindermen had no connection with and were not parties to the partition suit under which the defendants at bar claim title; they could not therefore control or direct the action of the parties in that suit. The parties to that suit being the heirs of Anna Schulte had a right to institute the suit to divide the estate acquired from her, which was the life estate of Josephine Brokel; nor could these remaindermen have prevented a sale of the property under the decree in that proceeding, as the parties thereto had a right to cause the sale of their interest in the property in that manner and Michael and Frances Clement were authorized to purchase the same, but they could acquire thereby no greater interest than that of the heirs of Anna Schulte therein.

The dissimilarity between the facts in the Gallenkamp Case and those at bar render the legal deductions authorized in the one case inapplicable in the other.

V. The question as to plaintiff's laches in bringing this suit and their alleged acquiescence in the partition proceedings are again urged as grounds to prevent their recovery. These contentions were considered and determined adversely to the defendants in Gray v. Clement, supra, and are *res adjudicata*. In addition, it will be found that in each of the cases cited in support of defendant's contentions, the parties held to be estopped were *sui juris*. At the time the partition proceeding was instituted by the father of these plaintiffs, they were all minors, and hence incapable of either acquiescing in or consenting to any phase of the action. The cases cited by the defendants will be found in their brief. Not only are they inapplicable on

Laches.

account of the minority of the defendants, but because the facts therein are entirely dissimilar from those in the case at bar.

For the reasons stated the judgment of the trial court is reversed and remanded, and the circuit court is directed to render judgment awarding the possession of the land to plaintiffs, and that the defendants pay plaintiffs the value of the monthly rents and profits in the sum of sixty four dollars and fifty cents ($64.50) per month from September 5, 1917, until the possession of the premises is surrendered to the plaintiffs. All concur.