HOMER F. WHITE v. R. C. CAMPBELL, Appellant.—292 S. W. 51.

Division Two, March 14, 1927.

**1. PARTIES: Unborn Remaindermen: Represented by other Members of Class.** Persons having a remote, contingent or expectant interest in real estate are bound by a judgment rendered in a suit concerning the property, although not made parties, if their interests are properly represented, as by persons who have the same interest and are equally certain to bring forward the entire question, so as to give the contingent interest effective protection.

**2. JUDGMENT: Contingent Interest: Unborn Bodily Heirs: Represented by Other Remaindermen: Finality.** The owner of land devised it to his widow and children; upon the distribution of his estate the land in suit was allotted to plaintiff, one of his children. Prior to his death the testator had made a deed conveying the land to plaintiff for life, with remainder to the heirs of his body. The deed was not delivered during the maker's life, but remained in his possession, and was filed for record by his executors. Plaintiff brought suit in the circuit court to cure the defect in the title, naming his brothers and sisters and his only children as defendants, and alleging that the suit was brought against each of the children in his own right and as representative of any unborn children of plaintiff. The court decreed that the deed was inoperative and void, because not delivered by the grantor during his lifetime, and from the judgment no appeal was taken. **Held,** that the unborn bodily heirs of the plaintiff were represented by his two children who were made defendants, and the judgment is binding upon his unborn bodily heirs, though not in esse and though not otherwise made parties. [Refusing to follow **obiter** in McConnell v. Deal, 296 Mo. 275; and distinguishing Gray v. Clement, 286 Mo. 100, and Heady v. Crouse, 203 Mo. 100.]

Corpus Juris-Cyc. References: **Judgments,** 34 C. J., Section 1421, p. 1000, n. 27.

Appeal from Vernon Circuit Court.—*Hon. Berry G. Thurman,* Judge.

AFFIRMED.

*Charles E. Gilbert* for appellant.

In a suit to cancel a deed made to a designated person and the heirs of his body, the interest of any unborn child of the grantee cannot be bound by making the living children parties defendant in their own right and as representatives by class of any unborn children. Therefore, the decree of the Dade Circuit Court in the case of Homer F. White v. Mary J. White et al. could not and did not bind any after-born children of the plaintiff, Homer F. White. McConnell v. Deal, 296 Mo. 275; Heady v. Crouse, 203 Mo. 100; Gray v. Clement, 286 Mo. 100.

*Ewing, Ewing & Ewing* for respondent.

(1) A deed not delivered by the grantor to the grantee, or anyone for him, is void. Tyler v. Hall, 106 Mo. 313.   (2) The interest, whether vested or contingent, of parties not *in esse*, may be bound by a suit against parties in being.   The parties *in esse* being held to represent the interest of parties not *in esse*, it only being necessary that such interest be described in the petition and the proceedings be adapted to the purpose of binding the interest of the parties not in being.   Acord v. Beaty, 244 Mo. 126; Jackson v. Miller, 288 Mo. 232; Sparks v. Clay, 185 Mo. 393; Stockwell v. Stockwell, 262 Mo. 671; Reinders v. Kopplemann, 68 Mo. 482.

WHITE, J.—The plaintiff brought this suit in Vernon County Circuit Court, alleging that he sold to the defendant a tract of land in Dade County for the price of $39,000, upon which was paid $4,000; that the plaintiff executed and delivered a good and sufficient warranty deed to the defendant conveying the land; that the defendant accepted the deed, but afterwards tendered it back and refused to pay the balance of the purchase price.   Wherefore, the plaintiff prayed judgment for $35,000, and costs.   The contract of sale between the parties, attached to the petition as an exhibit, provides that the vendor, the plaintiff, shall furnish the defendant an abstract showing a "good, merchantable title to the premises."

The answer admits the contract of purchase, payment of $4,000, and that the plaintiff furnished him with an abstract, but alleges that the abstract did not show a good merchantable title in the plaintiff. The answer also contains a counterclaim wherein the defendant asks judgment for $4,000, already paid on the land.

The case was tried on an agreed statement of facts.   The alleged defect in the title arises in this way:  One C. F. White was the common source of title.   He died leaving a will whereby he devised his lands to his widow and children.   On distribution of the estate the land described in the sale contract was allotted to plaintiff.   Prior to his death C. F. White, father of plaintiff, executed a deed conveying the land to the plaintiff for life, with remainder to the heirs of his body.   This deed was not delivered during the life of C. F. White, but remained in his possession during his life and was filed for record by his executors.

If the deed had been effective it would have conveyed to the plaintiff a life estate, with remainder in fee to the heirs of his body; he would not have had a good merchantable title: the will of C. F. White could have had no effect as to the land because it was no longer the property of the testator.   But if the deed was of no effect then the plaintiff, by the terms of the will and subsequent allotment, ac-

quired title to the property in fee simple, and therefore had a merchantable title.

To cure the defect the plaintiff brought suit in the Circuit Court of Dade County, naming his brothers and sisters and his only children, DuAyne White and Homer Campbell White, defendants. The petition alleged that the suit was brought against each of the defendants in his own right and as a representative of the class to which he belonged, especially against DuAyne White and Homer C. White in their own right and as representatives of any unborn children of Homer F. White. Service was had on all the defendants. The court found that the deed from C. F. White to Homer F. White was not delivered in the lifetime of the grantor and was void. The decree canceled the said deed as a cloud upon the title. The plaintiff claims that by virtue of that decree his title to the land accrued to him by the will of his father C. F. White, and he had a good, merchantable title.

I. Appellant contends that the decree of the Circuit Court of Dade County could not be binding upon the heirs of the body of Homer F. White not *in esse*, and therefore not parties to the proceeding. He had two children living who were made parties to the proceeding; the possibility remained of his having other children to share in the estate after his death, and therefore it is argued the decree canceling the deed could not affect such possible heirs, and plaintiff's title was not merchantable.

The rule is general that:

"Persons having a remote, contingent or expectant interest in realty are bound by the judgment rendered in an action concerning the property, although not made parties to the suit, if their interests are properly represented, as by the holder of the first state of inheritance, or by persons who have the same interest and are equally certain to bring forward the entire merits of the question, so as to give the contingent interest effective protection, and this rule is especially applicable where estates are limited over to persons not *in esse* and who could not, therefore, be made actual parties." [34 C. J. 1000.]

That rule has been recognized and applied in this State in several cases. [Sparks v. Clay, 185 Mo. l. c. 408 et seq.; Jackson v. Miller, 288 Mo. l. c. 239-240; Acord v. Beaty, 244 Mo. l. c. 134-135; Edwards v. Harrison, 236 S. W. 328.] In the note in Corpus Juris numerous cases are cited from many states, in which the doctrine is applied; no exception to the rule is noted. [See also 34 C. J. 1038.]

II. The appellant cites and relies upon McConnell v. Deal, 296 Mo. 275, a case where land was conveyed to Sarah F. Deal for life, with remainder to her bodily heirs. The proceeding sought to have

the land sold and the proceeds invested by a trustee, and the interest paid to the life tenant during life, and the remainder to be paid to the bodily heirs after the expiration of the life estate. This court held that the trial court had no authority to disregard or set aside the conveyance, where real estate was vested in a life tenant with remainder over. The court could order a sale only in case of necessity, to preserve the estate for the beneficiaries. There was no necessity which required the overturning of the settlement. It will be noted that the point on which the decision turned was the protection of living parties to the suit who had an interest in the property—a question which does not arise in this case.

It is true, in that case, under Point VI, l. c. 296, Judge HIGBEE, who wrote the opinion, uses language which seems to favor appellant's position. But his observations were *obiter,* entirely unnecessary to a determination of the case. Further, the opinion does not hold that persons not *in esse,* having a possible contingent interest, may not be concluded by a judgment where others having a like interest are parties to the proceeding, so as to protect that interest. The learned judge mentions it as a convenient rule of practice in case of necessity—the same as he concedes that where it is necessary the rule might be applied. That decision was by a divided court, with a strong dissenting opinion, and only a bare majority concurring. That doubtful, equivocal, *obiter* pronouncement cannot be taken as expressing the law of this case, in the face of rulings cited above under Paragraph I.

Appellant also cites the case of Gray v. Clement, 286 Mo. 100. In that case it was held that an action in partition under the statute would not lie between a life tenant and remaindermen; that parties to a partition proceeding must possess estates which are coterminous and not successive. Heady v. Crouse, 203 Mo. 100, is cited, where this court held that a trial court had no authority to order, for the purpose of reinvestment, the sale of property in which minors had a contingent interest. There was no necessity for such sale, no apprehension of imminent destruction of the title or the property. Those cases are not in point.

The rule quoted above from Corpus Juris is general, and approved by this court in cases cited.

The judgment is affirmed. All concur.